**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**George Earl YOUNG, William Rogers,**
**Defendants–Appellants.**

Nos. 93–50186, 93–50229.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 1994.

Decided June 7, 1994.

Sentences vacated and remanded for resentencing.

Olivia W. Karlin, Deputy Federal Public Defender, Brian Quinn Robbins and Yolanda

M. Barrera, Los Angeles, CA, for defendants-appellants.

Bruce Riordan, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: HUG, WIGGINS, and NOONAN, Circuit Judges.

Opinion by Judge HUG; Concurrence by Judge WIGGINS.

HUG, Circuit Judge:

George Young and William Rogers challenge their sentences imposed under the United States Sentencing Guidelines. Each defendant contends that the district court erroneously enhanced his sentence under U.S.S.G. § 3C1.2 for reckless endangerment during flight. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate the sentences and remand for resentencing.

## I.

On July 1, 1992, George Young, William Rogers, and Robert Johnson robbed a Wells Fargo Bank in Ventura, California at gun point. The defendants exited the bank and ran to a parking lot where they had parked a red van. Johnson drove the getaway van from the robbery; Young and Rogers rode as passengers.

Shortly thereafter, the police noticed and followed a red van that matched the description and license plate number of the getaway vehicle. A high-speed chase ensued through a residential area. The van changed lanes in an erratic manner, crossed traffic dividers, and drove into oncoming traffic. The oncoming traffic was forced to swerve to avoid striking the van. Several police units were involved in the pursuit. The chase culminated when the van crashed into a tree in a residential yard.

Young, Rogers, and Johnson fled the crash site on foot and attempted to hide in the neighborhood. The officers followed, eventually finding all three defendants. Young was found in a resident's home inside a closet. Rogers was found hiding under a blanket in

the garage of another resident's home. Johnson was found in the doghouse of that same house. All three defendants were arrested.

Johnson confessed to the crime after his arrest. Young and Rogers pled guilty to participation in the armed robbery. The defendants were sentenced on March 15, 1993. The district court enhanced each defendant's sentence two levels pursuant to U.S.S.G. § 3C1.2 for reckless endangerment during flight. Young and Rogers timely appealed the enhancement.

## II.

Both Young and Rogers contend that the district court erred by enhancing their sentences two levels for reckless endangerment during flight. A district court's determination of whether a defendant's conduct constituted reckless endangerment during flight is a factual finding that we review for clear error. *See United States v. Luna*, 21 F.3d 874, 885 (9th Cir.1994). We review the district court's application of the guidelines *de novo*. *United States v. Lawrence*, 916 F.2d 553, 554 (9th Cir.1990).

Section 3C1.2 provides that the district court may adjust a defendant's sentence upward two levels "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer...." U.S.S.G. § 3C1.2 (Nov.1993). Under this section, a defendant is responsible not only for his own conduct, but also for the conduct of another if he "aided or abetted, counseled, commanded, induced, procured, or willfully caused" the other person's conduct. U.S.S.G. § 3C1.2, comment. (n. 5).

The Government bears the burden of proving factors enhancing a sentence by a preponderance of the evidence. *United States v. Restrepo*, 946 F.2d 654, 661 (9th Cir.1991) (en banc), *cert. denied*, — U.S. ——, 112 S.Ct. 1564, 118 L.Ed.2d 211 (1992). At a minimum, the Government must establish that the defendants did more than just willfully participate in the getaway chase. It must prove that each defendant was responsible for or brought about the driver's con-

duct in some way. Such conduct may be inferred from the circumstances of the getaway, *see United States v. Stewart,* 799 F.2d 580, 582 (9th Cir.1986) (district court may rely on inferences in sentencing); *United States v. Hull,* 792 F.2d 941, 943 (9th Cir. 1986), and the enhancement may be based on conduct occurring before, during, or after the high-speed chase. *See* U.S.S.G. § 3C1.2, comment. (n. 3). ("During flight" is construed broadly, and includes adjustment for conduct occurring while resisting arrest.).

Thus, enhancement under section 3C1.2 requires the district court to engage in a fact-specific inquiry. While inferences may be drawn, for example, when several bank robbers jump into a getaway vehicle and drive away attempting to elude arrest, and thereafter continue to flee when the vehicle stops, the inferences are not conclusive. Not every escape escalates into reckless endangerment during flight. Nor is a passenger presumptively responsible for a driver's conduct. Therefore, after the Government's presentation of evidence supporting a section 3C1.2 enhancement, the district court must specify in the record its reasons for holding the passengers responsible for the driver's conduct.

The record at hand indicates that the court may have relied upon the defendants' presentence reports in upholding the enhancement. Both Young's and Rogers' presentence reports indicated that a high-speed chase clearly took place. However, neither report set forth any evidence that either defendant "aided or abetted, counseled, commanded, induced, procured, or willfully caused" the driver's conduct. *See* U.S.S.G. § 3C1.2, comment. (n. 5). At sentencing, both Young and Rogers challenged the enhancement under section 3C1.2. Yet, the district court made no findings with respect to this particular enhancement, other than to answer in the affirmative when asked by the Government if the court found that the facts warranted the reckless endangerment adjustment. Without the requisite findings, we cannot adequately determine whether the district court committed clear error in applying the enhancement to the defendants' conduct. Therefore, we remand to the district court to make specific findings as to the conduct on which it based the enhancement, including any inferential evidence on which it relied.

**SENTENCES VACATED and REMANDED for RESENTENCING.**

WIGGINS, Circuit Judge, concurring separately.

I write separately to emphasize that reckless endangerment during flight includes more than merely driving recklessly from the crime scene.

In this case, it includes the initial retreat from the bank to the parking lot where the red van was parked, and includes the actions by the defendants in seeking to escape after the van had crashed.

We focus in the opinion on the reckless driving of Johnson. We question whether there is evidence that Young and Rogers "aided or abetted, counseled, commanded, induced, procured or willfully caused" Johnson's admittedly reckless driving. Because we do not find support in the record for such a finding, we properly remand.

But we may be overlooking the separate conduct of Young and Rogers, both before and after the high speed chase. Such conduct does not require the findings necessary to hold the actors for the conduct of others.

A remand for resentencing is proper. The sentencing court should be invited to make explicit findings why Young and Rogers should be held accountable for the reckless driving of Johnson. But in resentencing the appellants, the district court should also make findings as to their independent conduct, as well.

I concur.