43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Demarco Letrell BOWENS, Defendant-Appellant.
 No. 94-50273.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 9, 1994.
 
 Before: D.W. NELSON, HALL and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Demarco L. Bowens appeals his 115 month sentence imposed following entry of a guilty plea to bank robbery in violation of 18 U.S.C. Sec. 2113(a). Bowens contends that the district court erroneously enhanced his sentence under United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") Sec. 3C1.2 for reckless endangerment during flight. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo the district court's application of the Guidelines. United States v. Young, 33 F.3d 31, 32 (9th Cir.1994). We review for clear error the district court's factual determination whether a defendant's conduct constituted reckless endangerment during flight. Id.
 
 
 4
 A two-level upward adjustment is authorized "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. Sec. 3C1.2. The defendant's conduct is reckless when he "was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise." U.S.S.G. Sec. 2A1.4, comment. (n. 1); see United States v. Luna, 21 F.3d 874, 885 (9th Cir.1994) (abandoning a running car in a residential area constitute reckless endangerment); United States v. Torres-Lopez, 13 F.3d 1308, 1310-11 (9th Cir.1994) (failing to respond to Border Patrol's signal to stop, travelling at high-speed on freeway, and striking a tree before the vehicle stopped create substantial risk of death and bodily injury to the car's occupants and the motoring public); cf. United States v. Hernandez-Rodriguez, 975 F.2d 622, 627 (9th Cir.1992) (reckless conduct needs more than simply ignoring traffic laws during flight).
 
 
 5
 The district court found that Bowens was the "driver of the getaway car for part of the duration of the time of flight from the bank which created an endangerment." Bowens contends that the district court clearly erred in finding that he was the driver of the fleeing vehicle. Bowens denied that he ever drove the getaway car. However, the law enforcement officer who pursued Bowens from near the robbery scene saw that Bowens drove the fleeing car and exited the car from the driver side before fleeing on foot. Therefore, the district court did not clearly err in finding that Bowens was the driver during flight. See Young, 33 F.3d at 32.
 
 
 6
 Bowens also argues that his conduct did not rise to the level of reckless endangerment. The law enforcement officer who pursued Bowens's vehicle stated that the vehicle accelerated and entered a freeway when he activated his emergency lights; at a red light, Bowens's car collided with a stopped car which caused injuries to the occupants of the other car; the vehicle rolled to a stop after hitting a nearby curb; and Bowens fled on foot towards a gas station after abandoning the vehicle. The district court therefore did not clearly err in holding that Bowens's conduct constituted reckless endangerment during flight. See Young, 33 F.3d at 32; Luna, 21 F.3d at 885; Torres-Lopez, 13 F.3d at 1310-11; cf. Hernandez-Rodriguez, 975 F.2d at 627.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3