48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Damon Dannious WILSON, Defendant-Appellant.
 No. 94-50313.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 23, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Damon D. Wilson appeals his sentence imposed following a guilty plea to one count of conspiracy to commit armed bank robbery and one count of carrying a firearm during a crime of violence. Wilson contends that the district court erred by enhancing his sentence for reckless endangerment during flight because he was merely a passenger in the getaway vehicle. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo the district court's application of the Sentencing Guidelines. United States v. Young, 33 F.3d 31, 32 (9th Cir.1994). We review for clear error the district court's factual determination whether a defendant's conduct constituted reckless endangerment during flight. Id. Further, under the clear error standard, we rarely overturn the district court's factual findings on matters of credibility. See United States v. Attson, 900 F.2d 1427, 1433 (9th Cir.), cert. denied, 111 S.Ct. 393 (1990).
 
 
 4
 A two-level upward adjustment is authorized "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. Sec. 3C1.2; see United States v. Torres-Lopez, 13 F.3d 1308, 1310-11 (9th Cir.1994). Such an adjustment may be imposed upon a passenger in connection with a reckless getaway if he "was responsible for or brought about the driver's conduct in some way." Young, 33 F.3d at 32-33; see also U.S.S.G. Sec. 3C1.2, comment. (n. 5) (defendant may be responsible for another's conduct if he "aided or abetted, counseled, commanded, induced, procured, or willfully caused" the other's conduct). The defendant's responsibility "may be inferred from the circumstances of the getaway ... and ... may be based on conduct occurring before, during, or after the high-speed chase." Young, 33 F.3d at 33; see also United States v. Luna, 12 F.3d 874, 885 (9th Cir.1994) (passenger abetted and aided abandonment of a getaway vehicle where he and others jumped out of the vehicle and ran).
 
 
 5
 The record indicates that the flight endangered other people's lives when the getaway vehicle ignored the police's signals to stop, led the police in a high-speed chase, and collided with a police vehicle. See Torres-Lopez, 13 F.3d at 1310-11. However, Wilson argues that he had asked the driver to slow down during the reckless flight and thus did not aid or abet the reckless conduct. Considering Wilson's attempt to escape after the robbery, the district court discredited Wilson's testimony. We see no clear error in the district court's credibility determination. See Attson, 900 F.2d at 1433.
 
 
 6
 Furthermore, Wilson testified that he intended to elude arrest and was the first one to get into the getaway car. During flight, Wilson first saw the police vehicle coming after the getaway car and informed the driver accordingly. The district court found that there was "a community of interest between [Wilson] and all of the others who had participated in this robbery." The district court's finding was not clearly erroneous in light of Wilson's testimony and the circumstances before and during flight. See Young, 33 F.3d at 32-33; Luna, 21 F.3d at 885.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wilson argues that "the district court found Wilson could not have been an aider and abettor during the flight because he lacked the required mental state to be classified as an aider and abettor." Appellant's Opening Brief at 10. The district court did not explicitly make such a finding. Although the district court granted a two-level departure based on Wilson's claim of threat of duress, it did so "grudgingly [and] with considerable doubt."