53 F.3d 340
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Teron JACKSON, Defendant-Appellant.
 No. 94-50447.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 28, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Teron Dupree Jackson appeals his sentence under the Sentencing Guidelines imposed following his guilty plea to one count of bank robbery, in violation of 18 U.S.C. Sec. 2113(a). Jackson contends that the district court erred in enhancing his sentence two levels for reckless endangerment during flight pursuant to U.S.S.G. Sec. 3C1.2. Specifically, Jackson argues that the district court erred by finding him accountable, under Application Note 5 to Section 3C1.2, for the conduct of his co-defendant, Kevin Terrell Lee, who recklessly drove a getaway car in which Jackson was a passenger. The district court's determination that a defendant's conduct constituted reckless endangerment during flight, warranting an upward sentencing adjustment under Sentencing Guideline 3C1.2, is a factual finding reviewed for clear error. United States v. Young, 33 F.3d 31, 32 (9th Cir.1994). The district court's application of the Sentencing Guidelines is reviewed de novo. United States v. Luna, 21 F.3d 874, 884 (9th Cir.1994). We affirm.
 
 
 3
 Here, Jackson and Lee used two vehicles to commit the robbery and to flee the scene of the crime. They went to the bank in one of the vehicles, a van. After the robbery, Jackson drove the van with Lee as a passenger to the second vehicle, a Ford Taurus. Jackson and Lee transferred to the Taurus in order to escape detection. Jackson does not dispute that the conduct of Lee in driving the Taurus constituted reckless endangerment. Jackson contends only that the district court erred in finding him accountable for Lee's conduct pursuant to Application Note 5. We disagree. The district court's finding that Jackson procured the conduct constituting reckless endangerment was supported by the fact that Jackson drove the van (with Lee as a passenger) to the Taurus in a jointly-planned effort to flee. This factual basis for holding Jackson accountable pursuant to Application Note 5 was set forth in the presentence report adopted by the district court and was specifically identified by the district court in applying the enhancement. Compare Young, 33 F.3d at 33 (the presentence reports did not set forth any evidence indicating aiding, abetting, or procurement; nor did the district court make any specific findings as to the conduct on which it based the passenger-defendant's Sec. 3C1.2 enhancement).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3