66 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Garland James GUIDRY, Defendant-Appellant.
 No. 94-50536.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 10, 1995.
Decided Sept. 6, 1995.
 
 Before: BROWNING, NORRIS, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Guidry appeals a two-level enhancement for reckless endangerment under Sentencing Guideline Sec. 3C1.2. The district court found that Guidry threw a "loaded firearm out of the jeep window and over a lane of freeway traffic creat[ing] a substantial risk of death or serious bodily injury to the officers in pursuit and to the other motorists on the road, and constitut[ing] reckless endangerment pursuant to Sentencing Guideline Sec. 3C1.2."
 
 
 3
 First, Guidry argues that the finding that he threw the gun was clearly erroneous. We hold that the record supports the district court's finding. A witness observed an object fly out of one of the jeep's right windows, and the police later recovered a gun at the location described by the witness. There was evidence that Guidry was in possession of the gun prior to entering the getaway car, that he was sitting in the passenger seat, and that the gun was thrown from the right side of the car. The pre-sentence report states that co-defendant Barksdale said when arrested that it was Guidry who had thrown the gun.
 
 
 4
 Guidry also argues that throwing a gun out of a window of a speeding car on the freeway does not constitute reckless endangerment within the meaning of Sec. 3C1.2. We reject this argument. The gun was a heavy metal object moving at high speed and travelling across the flow of traffic. The court's finding that throwing the gun presented a substantial risk of death or serious bodily injury to other motorists is not clearly erroneous. See United States v. Young, 33 F.3d 31, 32 (9th Cir.1994) (whether conduct constituted reckless endangerment reviewed under the clearly erroneous standard).
 
 
 5
 Because we affirm Guidry's two-level enhancement for throwing the gun, we need not address the court's alternative ground of aiding and abetting the high-speed chase.
 
 
 6
 Finally, we reject Guidry's argument that the court at resentencing should have applied the amended version of Sentencing Guideline Sec. 2K2.4. The district court had no jurisdiction to apply the amended guideline because our remand was limited to making "specific findings supporting the U.S.S.G. Sec. 3C1.2 enhancement for reckless endangerment during flight." United States v. Guidry, No. 93-50482 (unpublished memorandum disposition) (June 16, 1994). See United States v. Pimentel, 34 F.3d 799, 800 (9th Cir.1994).
 
 
 7
 The sentence is AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 8
 I dissent. I do not think that a fleeing felon who discards a loaded weapon may be subjected to additional punishment for doing so. It would be far more dangerous were the felon to retain the weapon while being pursued by law enforcement officers and thereby increase the risk of a shoot-out at the end of the chase. The danger that is inherent in the flight of an armed robber is not exacerbated when the robber rids himself of his gun, and particularly not when he does so by throwing it out a window onto the grassy area at the side of the road. The Guidelines are arbitrary and punitive enough that we need not strain so mightily to justify adding levels of punishment at every conceivable opportunity.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3