89 F.3d 848
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alvin Orlando WILLIAMS, Defendant-Appellee.
 No. 95-50071, 95-50091.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1996.
Decided June 10, 1996.
 
 1
 Before: WALLACE and T.G. NELSON, Circuit Judges, and BROWNING,[1] District Judge.
 
 MEMORANDUM[2]
 I.
 
 2
 In CR 93-797, Alvin Orlando Williams (hereinafter "Appellant") pled guilty to one count of unarmed bank robbery (18 U.S.C. § 2113(a)). In CR 93-929, a jury convicted Appellant of an unrelated armed bank robbery (18 U.S.C. § 2113(a)) (Count One) and use of a firearm in the commission of a dangerous felony (18 U.S.C. § 924(c)) (Count Two). In a consolidated sentencing, Appellant was sentenced to a total of 197 months for the two counts of conviction in CR 93-929 and 72 months imprisonment for CR 93-797. He appeals the sentences imposed.
 
 II.
 A. CR 93-797
 
 3
 On September 7, 1993, a federal grand jury sitting in the Central District of California returned an indictment against Appellant charging three counts of unarmed bank robbery in violation of 18 U.S.C. § 2113(a). The offenses allegedly occurred in August 1991. On November 22, 1993, Appellant pled guilty to Count Three of the indictment, in exchange for the Government's promise to dismiss the first two counts. By this time, another grand jury had indicted Appellant for an unrelated armed bank robbery (CR 93-929). Accordingly, pursuant to Appellant's request, the district court continued the sentencing hearing until final disposition of the armed bank robbery indictment.
 
 B. CR 93-929
 
 4
 On October 26, 1993 a federal grand jury sitting in the Central District of California returned an indictment against Appellant, charging one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and one count of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). These offenses allegedly occurred in April 1993. On September 2, 1994, a jury returned a guilty verdict on both counts.
 
 C. Consolidated Sentencing
 
 5
 Although the district court consolidated the cases for sentencing, it did not apply the rules for multiple counts or convictions pursuant to U.S.S.G. § 5G1.2. Instead, the district court calculated the sentences separately, and invoked its discretion in deciding to run a portion of the unarmed bank robbery sentence consecutive to the armed bank robbery sentence. In CR 93-797 (unarmed bank robbery), the district court determined the offense level to be 19 (base offense level of 20, increased by two for financial institution, decreased by three for acceptance of responsibility). Indexing the adjusted offense level of 19 with Appellant's criminal history category of VI, the district court determined the appropriate sentencing range to be 63-78 months.
 
 
 6
 In CR 93-929 (armed bank robbery), the district court determined the offense level for Count One to be 25 (base offense level of 20, increased by two for financial institution, increased by one for amount of money taken, and increased by two for reckless endangerment in fleeing from the authorities). Indexing the adjusted offense level of 25 with Appellant's criminal history category of VI, the district court determined the appropriate sentencing range to be 110-137 months. The district court then added the mandatory 60 months for Count Two (the 18 U.S.C. § 924(c) violation) to arrive at a sentencing range of 170-197 months.
 
 
 7
 After making these calculations, the district court then pronounced the sentences. For CR 93-797, the district court sentenced Appellant to imprisonment for a term of 72 months.[3] For CR 93-929, the district court sentenced Appellant to imprisonment for the full 197 months.[4] The district court then ordered that 48 months of the sentence for CR 93-797 would run concurrently with the sentence for CR 93-929, but that the remaining 24 months would run consecutively, for a total sentence of 221 months. The district court explained its rationale:
 
 
 8
 It's the Court's belief that there must be a recognition of the prior unarmed robbery, here; not only by the public, but certainly by the defendant and by all. I believe that the armed robbery, because of the nature of it--incredibly wild and wreckless [sic], and uncaring about the lives of anyone, except themselves--that that particular offense just--and particularly with the prior history, here, it just calls for the high end of the Guideline. And that is why the Court is running--is putting it at the high end as far as [CR 93-929] is concerned and is running the 24 months of the [CR 93-797 sentence] consecutively.
 
 
 9
 Appellant's ER 173-74.
 
 
 10
 We have jurisdiction pursuant to 18 U.S.C. § 3742(b)(2) and 28 U.S.C. § 1291. For the following reasons, we vacate the sentence imposed and remand to the district court for resentencing.
 
 III.
 
 11
 The first issue we address is whether the district court erred in ordering that a portion of Appellant's sentence for unarmed bank robbery would run consecutively to Appellant's sentence for armed bank robbery in an unrelated case, when both sentencings were held the same day.
 
 A. Standard of Review
 
 12
 This court reviews de novo the legality of a sentence, as well as the district court's interpretation and application of the Sentencing Guidelines. United States v. Moreno-Hernandez, 48 F.3d 1112, 1114-15 (9th Cir.1995), cert. denied, --- U.S. ----, 115 S.Ct. 2598, 132 L.Ed.2d 844 (1995).
 
 B. Analysis
 
 13
 Appellant and the Government agree that the district court erred in failing to craft a combined sentence pursuant to U.S.S.G. § 5G1.2. We agree.
 
 
 14
 Section 5G1.2 "specifies the procedure for determining the specific sentence to be formally imposed on each count in a multiple-count case." U.S.S.G. § 5G1.2, comment. (backg'd.). Importantly, the Commentary goes on to provide that § 5G1.2 applies not only to multiple counts of conviction in the same indictment, but also to multiple counts of conviction contained in different indictments "for which sentences are to be imposed at the same time or in a consolidated proceeding." Id. Accordingly, because the sentences in CR 93-797 and CR 93-929 were imposed in a consolidated proceeding, the district court should have applied a different methodology than the one it used. Instead of treating each offense individually, the district court should have applied the "grouping" rules embodied in §§ 3D1.1-3D1.5 in calculating a combined offense level. See generally § 3D1.5 (Illustration 1).
 
 
 15
 On remand, the district court should calculate Appellant's sentences by applying the appropriate "multiple-convictions" methodology.[5]
 
 IV.
 
 16
 We next turn to the question of whether, in calculating Appellant's offense level for armed bank robbery, the district court erred in applying the upward adjustment for reckless endangerment.
 
 A. Standard of Review
 
 17
 This court reviews de novo the district court's interpretation and application of the Sentencing Guidelines. United States v. Luna, 21 F.3d 874, 884 (9th Cir.1994). Findings of fact are reviewed for clear error. Id.
 
 B. Analysis
 
 18
 Appellant argues that the district court's failure to identify its specific reasons for applying the two-level reckless endangerment adjustment to the offense level in CR 93-929 was erroneous. We agree.
 
 
 19
 U.S.S.G. § 3C1.2 provides for a two-level upward adjustment in the offense level if the defendant "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." Under this section, a defendant is responsible not only for his own conduct, but also for the conduct of another if he "aided or abetted, counseled, commanded, induced, procured, or willfully caused" the other person's conduct. U.S.S.G. § 3C1.2, comment. (n. 5); United States v. Young, 33 F.3d 31, 32 (9th Cir.1994). In order to allow for meaningful appellate review, however, the district court must make specific findings as to the conduct on which it based the reckless endangerment enhancement, including any inferential evidence on which it relied. United States v. Lipsey, 62 F.3d 1134, 1136 (9th Cir.1995); Young, 33 F.3d at 33.
 
 
 20
 Here, in applying the two-level upward adjustment for reckless endangerment in CR 93-929, the district court stated:
 
 
 21
 Also, I'm finding that [Appellant] was a part of the--falls within the category of--I think it's a two-point addition for endangering, after they left the institution. I don't think there's--I think it is very clear that he was participating in all of that.
 
 
 22
 Appellant's ER 169. Later in the sentencing hearing, the district court expressly adopted the justification for the overall sentence proposed by the Probation Department in a revised report submitted to the district court on November 21, 1994. The revised report, however, is silent on any justification for the reckless endangerment adjustment. Although such justification is included in the Second Addendum to the Presentence Report, the district court did not expressly adopt it at the sentencing hearing. Thus, the above-quoted excerpt from the sentencing hearing provides the only explanation for the district court's application of the reckless endangerment adjustment.
 
 
 23
 The district court's remark falls short of the "specific finding[s]" that a district court must make when imposing the reckless endangerment adjustment. The district court's scant explanation is too vague to allow for meaningful appellate review, particularly in light of the relatively well-developed Ninth Circuit law dealing with the circumstances under which high-speed getaways and use of firearms amount to reckless endangerment. Accordingly, on remand, the district court should make specific findings as to the particular conduct of Appellant that amounted to reckless endangerment.
 
 V.
 
 24
 The next issue we address is whether Appellant's double jeopardy right was violated when the district court used Appellant's conviction for unarmed bank robbery as partial justification for sentencing Appellant to the upper end of the Guideline range for the armed bank robbery.
 
 A. Standard of Review
 
 25
 This court reviews de novo the legality of a sentence, as well as the district court's interpretation of the Sentencing Guidelines. United States v. Moreno-Hernandez, 48 F.3d 1112, 1114-15 (9th Cir.1995), cert. denied, --- U.S. ----, 115 S.Ct. 2598, 132 L.Ed.2d 844 (1995).
 
 B. Analysis
 
 26
 Appellant contends that the district court violated his protection against double jeopardy by punishing him twice for the unarmed bank robbery. After sentencing Appellant to 72 months imprisonment for the unarmed bank robbery, the district court nonetheless partially relied on the unarmed bank robbery as justification for imposing the maximum sentence for the armed robbery. The Government asserts that the sentence is within the applicable range and, therefore, no appellate review is available, citing United States v. Pelayo-Bautista, 907 F.2d 99, 101 (9th Cir.1990).
 
 
 27
 As an initial matter, we must decide whether we have jurisdiction to review a sentence that falls within the applicable Guideline range. In Pelayo-Bautista, we held that 18 U.S.C. § 3742 only authorizes a defendant to appeal a sentence that is within the correctly applied guideline range if the sentence was imposed in violation of law. Id. Since Appellant argues that the sentence imposed for the armed robbery is tantamount to double jeopardy, he arguably satisfies the "violation of law" exception noted in Pelayo-Bautista. Accordingly, we consider, and ultimately reject, the merits of the double jeopardy claim.
 
 
 28
 In the punishment context, double jeopardy requires that an individual be "punished" twice for the same offense. Here, the record demonstrates that Appellant was punished only once for unarmed robbery and only once for armed robbery. To the extent that he argues that the district court can only use his unarmed robbery conviction once--and can never again consider it for any purpose--he is mistaken. Recidivist statutes, relevant conduct and career criminal provisions, and other enhancement provisions routinely have been upheld as constitutional. (citations omitted). Thus, we hold that Appellant was not subjected to double jeopardy when, after sentencing Appellant to 72 months imprisonment for the unarmed bank robbery, the district court nonetheless partially relied on the unarmed bank robbery as justification for imposing the maximum sentence for the armed robbery.
 
 VI.
 
 29
 Accordingly, we vacate the sentences imposed in this consolidated appeal and remand to the district court for resentencing in accordance with this disposition.
 
 
 30
 IT IS SO ORDERED.
 
 
 
 [1]
 Honorable William D. Browning, United States District Judge for the District of Arizona, sitting by designation
 
 
 [2]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [3]
 The sentences also included terms of supervised release, waivers of fines, and imposition of mandatory special assessments. Those portions of the sentences, however, are not material to this appeal
 
 
 [4]
 The 197 months included the maximum 137 months for Count One and the mandatory 60 months consecutive sentence for Count Two
 
 
 [5]
 The district court also should consider whether Appellant is entitled to a reduction to his combined offense level for acceptance of responsibility, when it is undisputed that he accepted responsibility for the offense of conviction in CR 93-797 but failed to do so for the offenses of conviction in CR 93-929