**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Anthony MCNEAL, Defendant–**
**Appellant.**

**No. 99–10592.**

**D.C. No. CR–98–00615–RCB.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 23, 2001.

Before HAWKINS, TASHIMA and GOULD, Circuit Judges.

### MEMORANDUM**

Anthony McNeal appeals his 117 month sentence following his conviction by

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

guilty plea to one count of Bank Robbery and Aiding and Abetting in violation of 18 U.S.C. § 2112 and 2113, and one count of possession or use of a firearm while committing a crime of violence in violation of 18 U.S.C. § 924(c). We have jurisdiction pursuant to 28 U.S.C. § 1291, we review, for clear error, the district court's factual findings during sentencing, *see United States v. Maldonado*, 215 F.3d 1046, 1050 (9th Cir.2000), and we vacate and remand.

 McNeal contends that the district court erred by applying a two point enhancement, pursuant to U.S.S.G. § 3C1.2, for reckless endangerment during his flight from the bank robbery. We find this contention to be persuasive as the record is devoid of evidence that McNeal was the driver of the vehicle attempting to evade police, or that he was responsible for the driver's conduct. *See United States v. Young*, 33 F.3d 31, 32–33 (9th Cir.1994) (holding that application of a reckless endangerment enhancement requires that a district court make specific findings regarding a defendant's culpability for the actual reckless conduct).

McNeal's presentence report did not set forth any evidence that McNeal either drove the vehicle, or "aided or abetted, counseled, commanded, induced, procured, or willfully caused" the driver's conduct, as required by U.S.S.G. § 3C1.2, comment. (n.5). The record further shows that no such evidence was adduced at McNeal's sentencing, and that the district court did not make the findings of fact necessary to allow this court to determine whether application of the enhancement to McNeal's offense level was clearly erroneous. *Young*, 33 F.3d at 32–33. Accordingly, we remand to the district court to make specific findings as to the conduct on which it based the enhancement.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

**VACATED and REMANDED for RE-SENTENCING.**