**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alonzo SMITH, Defendant–Appellant.**

No. 00–50258.

D.C. No. CR–99–00883–RAP–1.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 10, 2001.*

Decided Sept. 21, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Alonzo Smith appeals his 57–month sentence imposed following a guilty plea conviction for unarmed bank robbery, in violation of 18 U.S.C. § 2113(a). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Smith contends that the district court erred by imposing a two-level enhancement pursuant to U.S.S.G. § 3C1.2 for reckless endangerment during flight because: (1) he was not the driver of the getaway car; and (2) he exited the vehicle moments before his co-defendant. We review for clear error, *United States v. Young*, 33 F.3d 31, 32 (9th Cir.1994), and conclude that this contention lacks merit.

The record shows that Smith and his co-defendant abandoned the getaway car

while it was still in gear causing it to roll into traffic and hit a minivan. Based on these facts, we cannot say the district court clearly erred by finding that Smith aided and abetted a substantial risk of injury to others during flight. *See* U.S.S.G § 3C1.2, comment. (n.5) (stating defendant is responsible for conduct of another if he "aided and abetted . . ." the other person's conduct); *United States v. Luna*, 21 F.3d 874, 885 (9th Cir.1994) (affirming § 3C1.2 enhancement based on conclusion that defendant aided and abetted abandonment of car).

AFFIRMED.[1]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. All outstanding motions are denied as moot.

