**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Markquell CAIN, Defendant— Appellant.**

No. 02–10311.

D.C. No. CR–01–00184–VRW.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 14, 2003.

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Markquell Cain appeals his 64–month sentence imposed following a guilty plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.

Cain contends the district court erred in granting a two-point enhancement pursuant to U.S.S.G. § 3C1.2 for reckless endangerment during flight from law enforcement. We review a finding of reckless endangerment for clear error, and application of the Sentencing Guidelines de novo. *United States v. Young*, 33 F.3d 31, 32 (9th Cir.1994). Because the record shows that Cain recklessly created a substantial risk of death or serious bodily injury to another person by throwing his firearm in the air while fleeing from police, the district court properly granted the enhancement. *See* U.S.S.G. § 3C1.2; *Young*, 33 F.3d at 32.

Cain also contends the district court abused its discretion in denying a downward departure due to his vulnerability in prison. Because the record indicates that the district court exercised its discretion in making this decision, we lack jurisdiction to review it. *See United States v. Wetchie*, 207 F.3d 632, 636 (9th Cir.2000).

Finally, Cain contends that the district court erred in imposing a vague and overbroad condition of supervised release- namely that he cannot associate with members of a particular street gang. Reviewing for abuse of discretion, *see United States v. Bee*, 162 F.3d 1232, 1234 (9th Cir.1998), we find that the district court properly imposed this condition to promote Cain's rehabilitation, *see id.* at 1235; *see also United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir.1991) (sentencing judge may set probation conditions which restrict fundamental rights when primary purposes are rehabilitation and public protection, and restriction is reasonably related to those purposes).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.