**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50043 |
| Plaintiff-Appellee, | D.C. No. 2:21-cr-00047-MCS-1 |
| v. | |
| TIGRAN ZMRUKHTYAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Argued and Submitted July 12, 2023
Pasadena, California

Before: SANCHEZ and MENDOZA, Circuit Judges, and DONATO,** District Judge.

Tigran Zmrukhtyan appeals the 84-month custodial sentence he received for his 18 U.S.C. § 922(g)(1) conviction, and the two-level enhancement the district court applied at sentencing under United States Sentencing Guidelines (USSG)

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

§ 3C1.2 for reckless endangerment during flight. We review "the district court's factual findings for clear error . . . and its application of the Guidelines to the facts for abuse of discretion." *United States v. Harris*, 999 F.3d 1233, 1235 (9th Cir. 2021) (citation omitted). We affirm.

1.      The district court used the correct legal standard to conclude that the two-level enhancement under USSG § 3C1.2 applied to defendant. The presentence report recommended the application of § 3C1.2 because the defendant "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." The district court adopted the report and its calculation of the advisory sentencing guidelines. Consequently, the district court's omission of the word "serious" when it found that "the record is clear that there was a substantial risk of bodily injury as a result of the fleeing from law enforcement," does not lead us to "assume that the court applied the wrong legal standard when assessing the injuries sustained by" the police officer here. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1174–75 (9th Cir. 2017); *see also United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("We assume that district judges know the law and understand their obligation to consider all of the § 3553(a) factors, not just the Guidelines.").

2.      The district court's statement of reasons for applying the § 3C1.2 enhancement was succinct but not inadequate. The pertinent facts in the record

2

were clear and undisputed.  We are consequently able to determine "the conduct on which [the district court] based the enhancement."  *United States v. Young*, 33 F.3d 31, 33 (9th Cir. 1994).

3.      The district court did not abuse its discretion in applying the § 3C1.2 enhancement to the facts here.  Not every instance of fleeing from law enforcement, even with a loaded firearm, will necessarily trigger the § 3C1.2 enhancement.  *See United States v. Reyes-Oseguera*, 106 F.3d 1481, 1484 (9th Cir. 1997).  The application in this case was warranted because Zmrukhtyan carried a loaded handgun in his waistband in a shopping mall during a holiday season, and actively resisted arrest to the extent of injuring an officer.  *See id*. ("The issue is whether the suspect's behavior during the apprehension recklessly endangers the officer," and it is "critical" how the suspect "behav[ed] at the time of apprehension," *e.g.*, whether they "resisted the agent and a struggle ensued," or "simply fell to the ground in surrender and exhaustion.").  In the particular circumstances here, the district court properly found that Zmrukhtyan recklessly created a substantial risk of death or serious bodily injury to another in the course of fleeing from law enforcement.

4.      The district court's 84-month custodial sentence was not substantively unreasonable.  Taking into account the totality of the circumstances, we find that the district court properly weighed the factors under 18 U.S.C. § 3553(a) and

3

concluded that 84 months was the appropriate, within-guidelines custodial sentence for this defendant and this crime.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  Zmrukhtyan "has not demonstrated how, in light of the totality of the circumstances, the district court abused its discretion in imposing [his] sentence." *United States v. Crowe*, 563 F.3d 969, 978 (9th Cir. 2009).

**AFFIRMED.**