In the

# United States Court of Appeals
## For the Seventh Circuit

No. 24-1163

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TAIBIAN HARRIS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:23-cr-29-DRL — **Damon R. Leichty**, *Judge.*

ARGUED SEPTEMBER 25, 2024 — DECIDED JANUARY 8, 2025

Before SCUDDER, KIRSCH, and MALDONADO, *Circuit Judges.*

KIRSCH, *Circuit Judge.* Taibian Harris and his cousin Treveon Smith robbed a store during a blizzard. Despite hazardous road conditions, Harris drove at excessive speeds and ran through stop signs and red lights after he encountered the police. He ultimately collided with an oncoming police car that had its emergency lights activated when he tried to pass by it on a narrow, snow-covered road. The district court did not clearly err in finding that Harris recklessly created a

substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer under U.S.S.G. § 3C1.2.

I

Taibian Harris and Treveon Smith robbed a South Bend cell phone store during a blizzard. Smith entered the store while Harris remained in the car and acted as the getaway driver. Unbeknownst to Harris and Smith, one of the phones Smith took from the store was a bait phone which sent GPS pings of their location to the police. The GPS pings led the police to a gas station, where an officer identified them as possible suspects in the robbery. Harris and Smith left the gas station a short time later and drove for approximately nine minutes before colliding with an oncoming police car. They were apprehended as they attempted to flee from the collision on foot.

Harris and Smith were indicted for robbery under 18 U.S.C. § 1951 and both pled guilty. This appeal only concerns Harris's sentence. Harris's Presentence Investigation Report recommended a two-level enhancement for recklessly creating a substantial risk of death or serious bodily injury to another person while fleeing law enforcement. See U.S.S.G. § 3C1.2. Harris objected to the enhancement, arguing that there was no reliable evidence he was driving recklessly and that no police officer was ever in actual pursuit of him. To rebut Harris's objection, the government called Smith as a witness at the sentencing hearing. Smith had not been sentenced yet and hoped he would receive a lighter sentence for cooperating against Harris.

Smith described in vivid detail the "high-speed chase" that Harris led the police on after they encountered a police car at the gas station. He testified that Harris was driving fifty or sixty miles per hour through snowy, icy streets, weaving in and out of lanes, and ignoring stop signs and red lights despite the hazardous driving conditions. In fact, Smith explained that they decided to commit the robbery *because* there was a blizzard. They reasoned that the police would have a difficult time catching them given the poor road conditions and lack of visibility. They were right. Although the police car they encountered at the gas station pulled out right after them, Smith said that it was not able to get directly behind them and eventually stopped its pursuit. Later, a second marked police car got within one car's length of them with its emergency lights activated but also stopped its pursuit after Harris drove through a red light. It was not until a third police car approached from the opposite direction and collided with them that their vehicle came to a stop.

The district court credited Smith's testimony that Harris was driving at excessive speeds and ignoring stop signs and red lights, which was partly corroborated by police dashcam footage. Although the district court expressed skepticism that Harris was actually going fifty or sixty miles an hour, the court recognized that it was natural for a passenger to overestimate the speed of the vehicle when he is watching someone drive at unsafe speeds, particularly when there are poor driving conditions.

Based largely on Smith's testimony and the dashcam footage, the district court overruled Harris's objection to the sentencing enhancement. It found that Harris had recklessly fled from police both in the moments immediately preceding the

collision and during the nine minutes he eluded police after leaving the gas station. This appeal followed.

## II

The Sentencing Guidelines authorize a two-level enhancement if "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. Harris contends that the district court incorrectly calculated his sentencing range by imposing this two-level enhancement.

We interpret the Sentencing Guidelines de novo and review the district court's factual findings for clear error. *United States v. Dean*, 574 F.3d 836, 844 (7th Cir. 2009). We reverse under clear error review only when we are "left with the definite and firm conviction that a mistake has been made, such as a situation in which a district court credited exceedingly improbable testimony." *United States v. Wendt*, 465 F.3d 814, 816 (7th Cir. 2006) (cleaned up).

## A

Harris first challenges the district court's finding that he was driving recklessly. But in doing so he minimizes the maneuvers he engaged in for nine minutes after leaving the gas station. Specifically, the district court found that Harris drove at excessive speeds and ran through red lights and stop signs despite hazardous road conditions created by a blizzard. This conduct is more than sufficient to satisfy the recklessness standard in U.S.S.G. § 3C1.2.

Further, the district court found that Harris was also acting recklessly in the moments leading up to the collision. Harris argues that the district court improperly ascribed to him

the recklessness of the police officer who collided with him. But that is not what the district court did. Instead, it faulted Harris for continuing to drive toward a marked police car that had its lights activated despite the narrowness of the road and hazardous road conditions. The district court did not clearly err in finding that such conduct was reckless. See *United States v. Brooks*, 100 F.4th 825, 833 (7th Cir. 2024) (applying clear error review to recklessness determination).

Finally, Harris suggests that the district court erred in applying a negligence standard rather than a recklessness standard when it evaluated his conduct. Although the district court mentioned that a reasonable person would not do what Harris did, the court also found that Harris was aware of the risks that were created by his conduct yet recklessly invited a substantial risk of serious injury anyway. That is an appropriate application of the recklessness standard. See U.S.S.G. § 3C1.2, cmt. n.2; U.S.S.G. § 2A1.4, cmt. n.1 (defining reckless as "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation").

B

Harris also challenges the district court's finding that he was fleeing from law enforcement. He argues that a police car was never actually pursuing him—that is, a police car was never directly behind his vehicle with its lights or sirens activated. But the district court did not need to find that officers were directly behind Harris to apply the sentencing enhancement; it only needed to find that he was knowingly fleeing from law enforcement. *United States v. Hibbett*, 97 F.4th 477,

479–81 (7th Cir. 2024); see also U.S.S.G. § 3C1.2, cmt. n.3 ("'During flight' is to be construed broadly ….").

Our decision in *Hibbett* is instructive. There, the police activated their emergency lights as the driver was turning at a stop sign. *Hibbett*, 97 F.4th at 479. Almost immediately after the lights came on, the car sped away. *Id.* Rather than pursue the fleeing car, the police had a helicopter track it. *Id.* We held that it was reasonable for the district court to infer from the car's acceleration that the defendant knowingly fled law enforcement. *Id.* at 481. That was enough to apply the two-level enhancement. *Id.* Despite *Hibbett*, Harris argues that at least a short police chase is required to satisfy U.S.S.G. § 3C1.2. But the decision he relies on has no legal status outside the parties or the case in which it was decided. See *United States v. Walker*, 717 F. App'x 632 (7th Cir. 2018) (nonprecedential order). Just because a decision can be found on Westlaw does not mean it has precedential effect in our circuit. While Federal Rule of Appellate Procedure 32.1 permits litigants to cite to nonprecedential orders, Seventh Circuit Rule 32.1 makes clear that orders "are not treated as precedents" in our circuit. 7th Cir. R. 32.1(b). Only published opinions "constitute the law of the circuit." *Id.*; see also *Paloian v. LaSalle Bank, N.A.*, 619 F.3d 688, 692 (7th Cir. 2010) (noting that nonprecedential orders "are the law of the case, but not the law of the circuit"). Furthermore, the decision Harris relies on does not support his argument. In *Walker*, we said that "even a short police chase is sufficient" to apply the enhancement, not that one is necessary. 717 F. App'x at 634.

Here, there is ample evidence to support the district court's finding that Harris was knowingly fleeing from law enforcement. Harris had just robbed a store. After seeing a

police car at the gas station, he began driving erratically in poor road conditions, which prevented the officer from pursuing him. Harris continued driving hazardously when he encountered a second police car, which was similarly unable to safely pursue him after he drove through a red light. When he came upon a third police car driving toward him with its lights activated, Harris still refused to pull over and instead tried to pass the vehicle despite having limited room to maneuver on a tight, snow-covered road. And after the collision, Harris tried to flee from the police on foot. Given these circumstances, it was reasonable for the district court to infer that Harris knew he was fleeing from law enforcement when he left the gas station. Cf. *United States v. Young*, 33 F.3d 31, 33 (9th Cir. 1994) (noting that a district court could draw a similar inference "when several bank robbers jump into a getaway vehicle and drive away attempting to elude arrest, and thereafter continue to flee when the vehicle stops").

Harris suggests in a footnote that Smith was not a credible witness. But credibility determinations are made by the district court and can "virtually never be clear error." See *United States v. Biggs*, 491 F.3d 616, 621 (7th Cir. 2007) (quotation omitted). Here, the district court explained that Smith's testimony was partially corroborated by other evidence and found that the level of detail in his account lent it further credibility. We find no error in the district court's careful assessment of Smith's credibility.

AFFIRMED