NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-1872 |
| Plaintiff - Appellee, | D.C. No. 3:23-cr-02224-LAB-1 |
| v. | |
| ROGELIO TORRES RAMIREZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted August 19, 2025
Pasadena, California

Before: HIGGINSON, BENNETT, and SUNG, Circuit Judges.**

Defendant-Appellant Rogelio Torres Ramirez (Torres) pleaded guilty to one

count of conspiracy to distribute methamphetamine in violation of 21 U.S.C.

§§ 841(a)(1) and 846.  At sentencing, the district court applied a sentencing

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Stephen A. Higginson, United States Circuit Judge for
the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

enhancement under United States Sentencing Guideline (U.S.S.G.) § 3C1.2 for reckless endangerment during flight. During the proceedings, the district court also stated that it had something "in mind" following a colloquy with the government which revealed the fact that Torres exercised his right not to debrief. Torres challenges the district court's application of § 3C1.2 and alleges that the district court's statement violated his Fifth Amendment rights. We affirm.

1. Section 3C1.2 applies "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. We have assumed, without deciding, that reckless endangerment for the purposes of § 3C1.2 requires that defendants "create[] a substantial risk of [death or] bodily injury to at least one specific person." *United States v. Brewster*, 116 F.4th 1051, 1058 (9th Cir. 2024).

"A district court's determination of whether a defendant's conduct constituted reckless endangerment during flight is a factual finding that we review for clear error." *Id.* (quoting *United States v. Young*, 33 F.3d 31, 32 (9th Cir. 1994)). "A finding is clearly erroneous if it is illogical, implausible, or without support in the record." *United States v. Graf*, 610 F.3d 1148, 1157 (9th Cir. 2010). "We review the district court's . . . application of the Guidelines to the facts for abuse of discretion." *Brewster*, 116 F.4th at 1057–58 (quoting *United States v. Harris*, 999 F.3d 1233, 1235 (9th Cir. 2021)).

Torres argues that the district court made no findings about the risks posed to any specific individual. We disagree. The undisputed facts show that Torres hit an occupied vehicle in the parking lot while evading arrest. The district court repeatedly emphasized the vehicle's being occupied in finding that Torres's actions constituted reckless endangerment.[1] It was accordingly not "illogical, implausible, or without support in the record," for the court to find that Torres striking an occupied vehicle while evading police constituted reckless endangerment. *Id.* at 1058 (quoting *United States v. Torres-Giles*, 80 F.4th 934, 939 (9th Cir. 2023)). And the district court did not abuse its discretion in applying an enhancement under § 3C1.2 under these circumstances.

2. Because Torres did not raise his Fifth Amendment challenge below, we review it for plain error. *See United States v. Valencia–Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). To "secure reversal under the plain error standard," Torres must show (1) error, that is (2) "plain," and that (3) "affected [his] substantial rights." *United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013). The district court did not plainly err at sentencing in commenting that it had something "in mind."

When the district court asked the government whether it had a debrief with Torres, the district court explained it was trying to find out whether there were any

---

[1] The court also noted that the collision was "followed by a chase that went so fast [estimated at 100 miles per hour] that the officers, in thinking about the safety of others, had to abandon the chase."

additional facts to consider in terms of "the premeditation and thought" that went into the offense. Judges are afforded broad latitude to conduct such inquiries at sentencing. *See Nichols v. United States*, 511 U.S. 738, 747 (1994).

After the government explained that no debrief occurred, the district court expressed concern that the government appeared reluctant to disclose information about the investigation. Then, the district court stated, "So, you know, I have that in mind. I think Mr. Torres made a terrible mistake when he took off and engaged the police and hit another automobile." Read in context, the district court's statement about what it would keep "in mind" was, at most, ambiguous.[2] Torres argues that what the district court said it had "in mind" was Torres's failure to debrief. But we find that the more plausible interpretation of the district court's statement is that what it had "in mind" was either the fact that Mr. Torres acted recklessly when fleeing or the government's failure to disclose relevant information about the investigation— something the district court repeatedly pressed the government on throughout the sentencing proceedings. The record accordingly does not show plain error.

**AFFIRMED.**

---

[2] To be sure, a judge's comments at sentencing may rise to the level of plain error. *See, e.g.*, *United States v. Tapia*, 665 F.3d 1059, 1060–61 (9th Cir. 2011). But more is required than what happened here. That a judge's statement *could*, under one of various plausible interpretations, be understood as showing error is not enough.