NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. BRIAN KEITH JOHNSON, Defendant - Appellant. | No. 25-1860 D.C. No. 2:23-cr-00099-KJM-2 MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted March 11, 2026**
San Francisco, California

Before: H.A. THOMAS and JOHNSTONE, Circuit Judges, and VERA, District
Judge.***

Brian Keith Johnson appeals his sentence for possessing a firearm after

being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Hernan Diego Vera, United States District Judge for
the Central District of California, sitting by designation.

jurisdiction under 28 U.S.C. § 1291. "We review the district court's factual findings for clear error, its construction of the United States Sentencing Guidelines de novo, and its application of the Guidelines to the facts for abuse of discretion." *United States v. Brewster*, 116 F.4th 1051, 1057–58 (9th Cir. 2024) (quoting *United States v. Harris*, 999 F.3d 1233, 1235 (9th Cir. 2021)), *cert. denied*, 145 S. Ct. 1148 (2025). "A district court's determination of whether a defendant's conduct constituted reckless endangerment during flight is a factual finding that we review for clear error." *Id.* at 1058 (quoting *United States v. Young*, 33 F.3d 31, 32 (9th Cir. 1994)). "A finding is clearly erroneous if it is illogical, implausible, or without support in the record." *Id.* (quoting *United States v. Torres-Giles*, 80 F.4th 934, 939 (9th Cir. 2023)). We affirm.

Section 3C1.2 of the 2024 United States Sentencing Guidelines provides for a two-level offense increase "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer[.]" We assume without deciding that this guideline provision requires that a defendant know that they were fleeing from a law enforcement officer.

Johnson does not dispute that he drove recklessly in a manner that created a substantial risk of death or serious bodily injury. And the district court did not clearly err in concluding that Johnson knew law enforcement officers were

pursuing him. After a marked law enforcement vehicle turned on its emergency lights, Johnson "continued to speed away from officers for about a mile, . . . reach[ing] speeds of over 70 miles per hour in residential areas[] and . . . dr[iving] onto the shoulder to pass other cars." Body camera footage shows that the marked law enforcement vehicle had its sirens on for approximately 40 seconds before an officer exited the vehicle. A police report states that Johnson "continued . . . at a high rate of speed" after a law enforcement vehicle "caught up to" him. This evidence supports the district court's conclusion that Johnson was aware that he was being pursued at some point during his reckless driving. That Johnson began driving recklessly even before the pursuit began does not alter this outcome.

**AFFIRMED.**