**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kim LIPSEY, Defendant–Appellant.**

No. 94–50317.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 1995.

Decided Aug. 2, 1995.

Guy C. Iversen, Asst. Federal Public Defender, Los Angeles, CA, for defendant-appellant.

Patricia A. Donahue, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: FLETCHER, WIGGINS, and FERNANDEZ, Circuit Judges.

FERNANDEZ, Circuit Judge:

Kim Lipsey appeals his sentence under the Sentencing Guidelines following his guilty plea conviction for armed bank robbery. He argues that a two-level enhancement pursuant to USSG § 3C1.2 [1] for reckless endangerment and a five-level enhancement pursuant to § 2B3.1(b)(2)(C) for brandishing a weapon were clearly erroneous. He also argues that the district court's refusal to grant him release pending sentencing violated his constitutional rights. We vacate and remand.

## BACKGROUND FACTS

On December 16, 1993, Kim Lipsey, Eric Lemar Smith, and Damon Dannious Wilson drove from Los Angeles to Burbank, California, in a stolen Hyundai. They followed three persons known to Lipsey as "Dexter," "Stanley," and "Shyster." When the cars got to Burbank, Smith got into the car with Dexter, Stanley, and Shyster and drove away, leaving Lipsey and Wilson in the Hyundai. When Smith returned, he got back in the Hyundai and both cars drove to the Lockheed Federal Credit Union. In the parking lot, Shyster handed a gun to Smith and a pillowcase to Lipsey and informed Lipsey that they were going to rob the credit union. When Lipsey objected to this plan, Shyster pulled back his jacket, revealing another gun, and threatened to kill all three if they did not enter the bank.

Lipsey, Wilson, and Smith walked into the credit union. Smith pushed his gun into the security guard's side and ordered him to raise his hands. Wilson pulled out a semiautomatic handgun, pointed it at the teller, and demanded that she give him all her money. At that point, Lipsey vaulted over the counter and began demanding that another teller give him all her money. Lipsey then jumped back over the counter and left the credit union with Smith and Wilson.

When the three got back in the parking lot, the car that Dexter, Stanley, and Shyster had been in was gone. Lipsey got into the front passenger seat of the Hyundai, Wilson got into the back, and Smith got behind the wheel. A Burbank police car spotted the Hyundai about three blocks away from the credit union and began to pursue it. At that point, Smith began driving recklessly through a residential neighborhood. He ran stop signs and attained speeds of nearly ninety miles an hour. The police stopped the Hyundai by crashing a police car into it. All three individuals were arrested. Lipsey waived his rights and confessed to the robbery. On March 28, 1994, a motion for Lipsey's release on bail pending sentencing was filed. The district court denied the motion.

Lipsey was given a base offense level of 20 pursuant to USSG § 2B3.1(a). The district court, among other things, granted a downward departure of two levels pursuant to USSG § 5K2.12 for imperfect duress. The court also applied a two-level enhancement pursuant to USSG § 3C1.2 for reckless endangerment during flight and a five-level enhancement pursuant to USSG § 2B3.1(b)(2)(C) for brandishing a firearm. Lipsey was sentenced to 70 months in prison.

## JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

■ The district court's factual findings in the sentencing phase are reviewed for clear error. *See United States v. Buenrostro–Torres*, 24 F.3d 1173, 1174 (9th Cir.1994); *see also United States v. Luna*, 21 F.3d 874, 885

---

1. All references are to the Sentencing Guidelines effective November 1, 1993 unless otherwise indicated.

(9th Cir.1994) (whether defendant engaged in reckless endangerment in the process of flight is reviewed for clear error); *United States v. Kahlon*, 38 F.3d 467, 470 (9th Cir. 1994) (district court's factual determination of relevant conduct within USSG § 1B1.3 is reviewed for clear error).

## DISCUSSION

### A. Reckless Endangerment Enhancement

 A defendant's sentence can be increased two levels under USSG § 3C1.2 "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer."

Lipsey argues that he did not drive the car during the chase and that he attempted to get Smith to "just pull over, we're caught." Under § 3C1.2, a "defendant is accountable for his own conduct and for conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused." USSG § 3C1.2, comment. (n. 5). The district court must make specific findings regarding this enhancement and explain why it is holding the defendant responsible for the driver's conduct. As we said in *United States v. Young*, 33 F.3d 31, 33 (9th Cir.1994):

> Thus, enhancement under section 3C1.2 requires the district court to engage in a fact-specific inquiry. While inferences may be drawn, for example, when several bank robbers jump into a getaway vehicle and drive away attempting to elude arrest, and thereafter continue to flee when the vehicle stops, the inferences are not conclusive. Not every escape escalates into reckless endangerment during flight. Nor is a passenger presumptively responsible for a driver's conduct. Therefore, after the Government's presentation of evidence supporting a section 3C1.2 enhancement, the district court must specify in the record its reasons for holding the passengers responsible for the driver's conduct.

Here the district judge found:

Whether or not the defendant committed the crime under duress, as he claims, no one forced the defendant to get into the get-away car.... There was a community of interest among all three defendants in the car to escape from the police. The court, in light of all the facts and circumstances of this case, believes that the reckless endangerment was, to some extent, aided or abetted by the defendant or at least procured by the defendant.... Since it was reasonably foreseeable that Smith would drive at high speeds to avoid the police, defendant here is subject to a 3(C)1.2 enhancement, pursuant to section 1(B)1.3.

When this statement is compared with our holding in *Young* it is apparent that it is insufficient. In effect, the district court held Lipsey responsible for Smith's reckless driving simply because of the "reasonable foreseeability" of a reckless getaway. That is not enough. *See United States v. Hernandez–Rodriguez*, 975 F.2d 622, 626 (9th Cir. 1992) (no evidence that aliens contemplated or consented to high-speed chase undertaken by smuggler); *cf. United States v. Jones*, 32 F.3d 1512, 1520 (11th Cir.1994) (defendant, who recklessly drove getaway car, was responsible for codefendant's brandishing of a gun at pursuing officer); *Luna*, 21 F.3d at 885 (9th Cir.1994) (passenger in getaway car properly had reckless conduct of driver attributed to him because he participated in abandoning the car). Without a more specific finding regarding how Lipsey "aided or abetted, counseled, commanded, induced, procured, or willfully caused" Smith's conduct, the district judge erred in applying the enhancement.

The flaw is particularly troubling when the evidence before the judge at sentencing is considered. It consisted of Lipsey's declaration and previous statements that he had made to the FBI. In his declaration, Lipsey stated that as soon as he saw the police lights he told Smith to pull over. The district judge noted the declaration during the sentencing hearing, but did not appear to consider it when he made his finding that the enhancement was appropriate. Even if Lipsey's declaration is not to be credited, the only other evidence in the record is his FBI statement of December 28, 1993: "[Lipsey] sat motionless in the passenger seat while WILSON, who was seated in the back, con-

stantly yelled for SMITH to stop the vehicle.... Lipsey stated that this continued until the vehicle was eventually stopped by the BURBANK POLICE DEPARTMENT." If either story is believed, either Lipsey told Smith to pull the car over or he sat in silence while Wilson and Smith argued. Under either scenario, his behavior does not demonstrate that he should be held responsible for Smith's conduct. If he did tell Smith to "pull over," then he can hardly be said to have aided or abetted Smith's conduct. If Lipsey was silent, that—by itself—does not appear to demonstrate his consent to Smith's bad driving. After all, Lipsey was the only person in the getaway car who was not carrying a gun. Under those circumstances, silence alone does not signify consent, but seems to be the most prudent course of conduct dictated by human nature.

In sum, the evidence and the form of the district court's findings make it evident that the court applied the enhancement simply because Lipsey entered the getaway car. Given that, we are constrained to hold that the dictates of *Young* were not followed. 33 F.3d at 33. The district court should have sentenced Lipsey without applying the enhancement. We therefore vacate the sentence in this respect and remand to the district court.

### B. Firearm Enhancement

■ Section 2B3.1 of the Guidelines mandates a five-level enhancement in the base offense level for robbery "if a firearm was brandished, displayed, or possessed." USSG § 2B3.1(b)(2)(C). That enhancement is required for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." USSG § 1B1.3(a)(1)(B). Lipsey argues that the five-level enhancement was clearly erroneous because he did not enter the bank voluntarily, he did not brandish a gun, and he did not

agree to the codefendants' possession of guns.

This argument is meritless. Lipsey pled guilty to armed robbery, an element of which is the use of a dangerous weapon or device. *See* 18 U.S.C. § 2113(d); *see also United States v. Mathews*, 833 F.2d 161, 163 (9th Cir.1987) (guilty plea is an admission of all the elements of the criminal charge and it admits all factual allegations of the indictment). It was reasonably foreseeable to Lipsey that a gun was going to be used in the commission of the robbery. Lipsey saw Shyster hand Smith a .380 semiautomatic pistol before the robbery. *See United States v. Garcia*, 909 F.2d 1346, 1349–50 (9th Cir.1990) (enhancement for gun possession proper even where defendant had no actual knowledge that codefendant possessed gun, but where use of gun was reasonably foreseeable); *United States v. Willis*, 899 F.2d 873, 875 (9th Cir.1990) (gun possession enhancement proper for wife where court inferred that wife had seen husband's gun); *cf. United States v. Pinkney*, 15 F.3d 825, 828–29 (9th Cir.1994) (section 2B3.1(b)(2)(C) enhancement for gun possession clearly erroneous where defendant was acquitted of armed robbery and court did not find that defendant was aware of codefendant's possession of gun or that it was reasonably foreseeable). Lipsey also participated in the robbery by leaping over the teller's counter and demanding that she put money into the pillowcase that Shyster had given him, while the codefendants held the guard and customers at bay with their guns. He did not merely stand by idly while Smith and Wilson robbed the bank. The imposition of a five-level enhancement was not clearly error. Any consideration to which he was entitled because of his imperfect duress claim was given to him when the district court awarded him a two-point departure under USSG § 5K2.12.[2]

---

**2.** Lipsey's arguments regarding bail pending sentencing have previously been addressed by another panel of this court. That panel ruled on the merits and found both that Lipsey did not meet the conditions for release set forth in 18 U.S.C. § 3143(a)(2) and that he showed no exceptional reasons to justify his release pursuant to 18 U.S.C. § 3145(c). We deem those determinations to be the law of the case. *See Larez v. City of Los Angeles*, 946 F.2d 630, 636 (9th Cir. 1991); *United States v. Houser*, 804 F.2d 565, 567–68 (9th Cir.1986); *Lundy v. Union Carbide Corp.*, 695 F.2d 394, 395 n. 1 (9th Cir.1982). To the extent that he now raises additional arguments, we find those to be without merit.

*CONCLUSION*

We affirm the district court's sentencing determinations in all respects other than the addition of the two-level enhancement for reckless endangerment during flight. USSG § 3C1.2. We, therefore, vacate Lipsey's sentence and remand to the district court for resentencing without use of that enhancement. The district court need not revisit any other sentencing issues at the time of resentencing.

VACATED and REMANDED.