103 F.3d 142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dale Ray MILLAR, Defendant-Appellant.
 No. 96-10037.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 11, 1996.
Decided Dec. 10, 1996.
 
 Before: WOOD, JR.,* SCHROEDER and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Dale Ray Millar was charged with one count of armed bank robbery and one count of the use of a firearm during a crime of violence. At trial, the court instructed the jury on the elements of each crime, using instructions provided by the prosecution and approved by the defense. During deliberations, the jury sent a note to the judge, asking if they could convict Millar on a theory of aiding and abetting an armed bank robbery. The district court explained that there were two theories on which they could convict Millar: armed bank robbery or aiding and abetting armed bank robbery. The court told the jury to consider each theory. Both parties then agreed not to request a special verdict or change the instructions. The jury found Millar guilty on the charge of armed bank robbery, and not guilty on the charge of using a firearm during a crime of violence. At sentencing, the district court computed Millar's sentence and applied a five-level increase because a firearm was brandished, displayed or possessed during the robbery. Millar appeals, challenging the jury instructions, the jury's verdict, and the five-level enhancement of his sentence. We affirm.
 
 
 3
 Millar first claims the jury instruction on aiding and abetting an armed bank robbery (Instruction 14) was plainly erroneous because it did not make clear that the government had to prove beyond a reasonable doubt that Millar knew and intended that a dangerous weapon would be used during the bank robbery. Millar argues that the jury's note indicates they convicted him on an aiding and abetting theory, and because the instruction was faulty, he reasons, his conviction should be overturned.
 
 
 4
 Millar himself admits, however, he did not object to these instructions either at the time they were presented to the jury or when the jury sent its note to the judge. As he states in his brief, "the defense suggested to the district court to leave the instruction as is...." Millar argues that because he did not submit the instructions to the district court himself, there is no invited error. But because he failed to object to the instructions below, when he clearly had several chances to do so, any error in the instructions is nevertheless invited error. United States v. Guthrie, 931 F.2d 564, 567 (9th Cir.1991).
 
 
 5
 In any event, the instruction does not amount to plain error, because it says that to convict on an aiding and abetting theory, the jury must find that Millar "knowingly and intentionally aided, counseled, commanded, induced, or procured Craig Williams to commit armed bank robbery" (emphasis added). The word "armed" in the instruction satisfies the requirement that the jury consider whether Millar knew a dangerous weapon would be used during the robbery. Additionally, we will not use the jury's note to read into what its general verdict might mean. See United States v. Powell, 469 U.S. 57, 67 (1984).
 
 
 6
 Millar also uses the jury's note to support his next argument, that the jury convicted him only of aiding and abetting armed bank robbery, and that there is insufficient evidence to support that verdict. He claims there is no evidence that Millar knew Williams had a gun, and he even suggests that the jury rejected the evidence that Millar ever entered the bank at all. Millar says another person, also by the name of "Dale," was the person who entered the bank with Craig Williams, and the only time Millar knew Williams had a gun was after the robbery was complete.
 
 
 7
 Because Millar did not move for a judgment of acquittal at the close of the trial, we review his conviction only for plain error, to prevent a manifest miscarriage of justice. United States v. Hanson, 2 F.3d 942, 945 (9th Cir.1993). Millar reads too much into the note from the jury and its subsequent verdict. Both parties agreed not to request a special verdict, and the general verdict returned was a conviction for armed bank robbery. There is sufficient evidence to support that verdict: Millar's car was used to commit the robbery, Millar drove Williams to the bank and was seen there by a witness, a man of Millar's height and build took money from the tellers, and one of the parties possessed a gun during the robbery. Additionally, there is no evidence supporting Millar's contention that a third party, "Dale," entered the bank with Williams. The jury found the evidence sufficient to convict Millar of armed bank robbery, either directly or on an aiding and abetting theory. We will not speculate, on the basis of a note and a general verdict, on what evidence the jury chose to accept or reject. Powell, 469 U.S. at 67.
 
 
 8
 Lastly, Millar argues that the jury, by acquitting him of the charge of using a dangerous weapon, rejected the evidence that Millar used or carried a gun during the bank robbery. Thus, he claims it was error for the district court to enhance his sentence by five levels because a gun was brandished, displayed or possessed during the robbery.
 
 
 9
 We review a district court's factual findings in a sentencing hearing for clear error, United States v. Lipsey, 62 F.3d 1134, 1135-36 (9th Cir.1995), and review the district court's interpretation of the Sentencing Guidelines de novo. United States v. Pinckney, 15 F.3d 825, 828 (9th Cir.1994).
 
 
 10
 The jury acquitted Millar of using or possessing a gun during the bank robbery, but this does not mean it found that a gun had not been used. On the contrary, the jury convicted Millar of armed bank robbery, an element of which is that one of the parties used a dangerous weapon. In addition, the evidence showed it was reasonably foreseeable to Millar that a gun would be used during the robbery: Millar told Williams to take someone along to "cover" him, Millar took Williams to a friend's house to pick up a gun, and Millar himself had a gun in the car.
 
 
 11
 The district court enhanced Millar's sentence by five levels under U.S.S.G. § 2B3.1(b)(2)(C), which provides that, in a robbery, "if a firearm was brandished, displayed, or possessed, increase by 5 levels." Because the jury's verdict does not indicate it rejected the evidence that a gun was used during the robbery, and because the evidence shows it was reasonably foreseeable to Millar that a gun would be used during the robbery, the district court's five-level sentence enhancement was not clearly erroneous.
 
 
 12
 In conclusion, because any error in the jury instructions was invited, and because the evidence at trial supported both the jury verdict and the sentence enhancement, the district court is AFFIRMED.
 
 
 
 *
 The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3