112 F.3d 517
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Billy GLOVER, Jr., Defendant-Appellant.
 No. 96-50352.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 11, 1997.*
Decided April 24, 1997.
 
 1
 Before O'SCANNLAIN and TASHIMA, Circuit Judges; WHALEY,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Billy Glover plead guilty to armed bank robbery and aiding and abetting armed bank robbery. He appeals the district court's sentence, contending that it was clear error to increase his offense level by five levels under U.S.S.G. § 2B3.1(b)(2)(C). Since the parties are familiar with the facts, we will not recite them here.
 
 
 4
 Glover's argument lacks merit for two reasons. First, United States v. Lipsey, 62 F.3d 1134, 1137 (9th Cir.1995), requires us to conclude that the upward adjustment was proper. As in Lipsey, Glover's plea of guilty to armed bank robbery was "an admission of all the elements" of the crime, and "conclusively admits all factual allegations of the indictment." United States v. Mathews, 833 F.2d 161, 163 (9th Cir.1987) (citations omitted). A conviction for armed bank robbery under an aiding and abetting theory requires proof beyond a reasonable doubt "that the defendant knew that the principal had and intended to use a dangerous weapon during the robbery...." United States v. Dinkane, 17 F.3d 1192, 1195 (9th Cir.1994). Glover's guilty plea admitted that he knew Johnson and the others had and intended to use a dangerous weapon during the robbery, and hence it was not clear error for the district court to apply a five level increase since "a firearm was brandished, displayed, or possessed" under U.S.S.G. § 2B3.1(b)(2)(C). Lipsey, 62 F.3d at 1137.
 
 
 5
 Second, the district court's finding that, under the facts of this case, it was reasonably foreseeable to Glover that his confederates would possess or use a firearm was not clearly erroneous. In similar situations, we have often reached the same conclusion. See id.; United States v. Garcia, 909 F.2d 1346, 1350 (9th Cir.1990); United States v. Willis, 899 F.2d 873 (9th Cir.1990).
 
 
 6
 United States v. Pinkney, 15 F.3d 825 (9th Cir.1994), to the extent it is still good law after United States v. Watts, 117 S.Ct. 633 (1997), is not to the contrary. In that case, the defendant was acquitted of armed bank robbery, and the district court did not find that it was reasonably foreseeable to Pinkney that a firearm would be used. Pinkney, 15 F.3d at 828. Glover plead guilty, and the district court expressly found that use of the firearm was reasonably foreseeable.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision on the briefs and without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3