112 F.3d 518
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen Chante WATSON, Defendant-Appellant.
 No. 96-50244.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 24, 1997.
 
 Before BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stephen Chante Watson appeals his sentence following a jury conviction for conspiracy to commit armed robbery in violation of 18 U.S.C. §§ 371 and 2113(a)(d), and aiding and abetting armed bank robbery in violation of 18 U.S.C. §§ 2 and 2113(a)(d). Watson contends that the district court erred by enhancing his sentence under U.S.S.G. § 2B3.1(b)(2)(C) because the government failed to prove that he possessed a firearm, rather than a dangerous weapon. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for clear error the district court's factual findings that Watson possessed a firearm. See United States v. Vargas, 933 F.2d 701, 710 (9th Cir.1991).
 
 
 4
 The Guidelines require a three-level enhancement in a defendant's base offense level for brandishing, displaying, or possessing a dangerous weapon during a robbery. See U.S.S.G. § 2B3.1(b)(2)(E) (1995). However, a five-level increase is mandated "if a firearm was brandished, displayed, or possessed" during the commission of the offense. U.S.S.G. § 2B3.1(b)(2)(C) (1995). The Guidelines define "firearm" as "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive...." These enhancements are required for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." See United States v. Lipsey, 62 F.3d 1134, 1137 (9th Cir.1995); U.S.S.G. § 1B1.3(a)(1)(B) (1995). The government is required to prove the existence of factors enhancing a sentence by a preponderance of the evidence. See United States v. Young, 33 F.3d 31, 32 (9th Cir.1994).
 
 
 5
 Here, the government did not produce the gun. Nevertheless, at trial, two witnesses testified that Watson stood inside the door with his hand under his shirt, as if he had a weapon. They further testified that just after the robbery, while leaving the bank, Watson reached into his pocket and removed a gun, displaying it to them. Watson did not challenge the accuracy of this evidence or offer evidence that the gun was merely a dangerous weapon.
 
 
 6
 Moreover, several witnesses testified at trial that they saw a gun in the hands of Watson's co-conspirator. The witnesses stated that while Watson stood watch at the bank's doors, Watson's co-conspirator pulled out a pistol and ordered the tellers and customers to the floor, holding the gun on them while he collected money from the teller drawers.
 
 
 7
 On the basis of this record, we conclude that the government proved by a preponderance of the evidence that either Watson or his co-conspirator possessed and brandished a firearm. See Young, 33 F.3d at 32; cf. United States v. Harris, 792 F.2d 866, 868 (9th Cir.1986) (evidence sufficient to prove defendant used a firearm to commit felony where bank employees and bank customer saw him brandishing a gun and surveillance photographs showed him brandishing a gun). Accordingly, the district court properly applied the five-level enhancement. See Vargas, 933 F.2d at 710; see also Lipsey, 62 F.3d at 1137 (enhancement for gun possession proper where possession of gun by co-defendant reasonably foreseeable).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3