125 F.3d 860
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne PEOPLES, Defendant-Appellant.
 No. 96-10231.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 22, 1997.**
Decided Sept. 26, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, Robert E. Coyle, District Judge, Presiding; No. CR-95-05276-REC.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Wayne Peoples appeals pro se his conviction and 175-month sentence imposed following his guilty plea to aiding and abetting armed bank robbery (18 U.S.C. §§ 2113(a) & (d)). Peoples challenges his sentence on several grounds, as well as the factual basis for his plea. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 I. Firearm Enhancement
 
 3
 Peoples first contends that the district court erred by increasing his base offense level by five levels under U.S.S.G. §§ 2B3.1(b)(2)(C) and 1B1.3(a)(1)(B) because there was no factual basis to support the Presentence Investigation Report's ("PSR") finding that Peoples knew his co-defendant would use a firearm in the commission of the robbery. He further contends that the district court erred by adopting the PSR without making specific factual findings. Both contentions lack merit.
 
 
 4
 We review the district court's factual findings in the sentencing phase for clear error. See United States v. Lipsey, 62 F.3d 1134, 1135-36 (9th Cir.1995). The district court makes adequate factual findings on disputed matters by adopting the conclusions in the PSR. See United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990).
 
 
 5
 A five-level enhancement in the base offense level for robbery is required "if a firearm was brandished, displayed, or possessed." U.S.S.G. § 2B3.1(b)(2)(C) (1995). The enhancement is mandated for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B) (1995). Because Peoples pled guilty to armed robbery and admitted that he aided and abetted his co-defendant's display of a firearm, the district court did not clearly err by finding that Peoples could reasonably foresee his co-defendant's use of a firearm. See Lipsey, 62 F.3d at 1137 (gun enhancement proper where defendant pleads guilty to armed robbery). Furthermore, the district court properly adopted the factual findings in the PSR after giving Peoples adequate opportunity to object. See Rosales, 917 F.2d at 1222.
 
 II. Bodily Injury Enhancement
 
 6
 Peoples next contends that the district court erred by increasing his base offense level by two levels under U.S.S.G. § 2B3.1(b)(3)(A) because the victim's alleged injury was not painful and obvious and did not require medical attention. This contention lacks merit.
 
 
 7
 Section 2B3.1(b) (3)(A) provides for a two-level increase in the defendant's base offense level if any victim sustained bodily injury during the commission of a robbery. See U.S.S.G. § 2B3.1(b)(3)(A). The guidelines define bodily injury as "an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." U.S.S.G. § 1B1.1, comment. (n.1(b)). Here, the victim, an eight-month pregnant woman forced to lie face down on the floor, suffered injuries and sought medical attention after being struck in the back by a twenty-five pound loot bag thrown over the counter by Peoples' co-defendant. Accordingly, the district court did not err in applying the two-level enhancement under section 2B3.1(b)(3)(A). See United States v. Greene, 964 F.2d 911, 912 (9th Cir.1992) (per curiam) (enhancement proper under section 2B3.1(b)(3)(A) where bank teller suffered pain and redness as a result of being slapped by defendant).[1]
 
 III. Criminal History Score
 
 8
 Peoples next contends that the district court erred by adopting the PSR's calculation of his criminal history score because several of his prior sentences were consolidated for sentencing and therefore should have been grouped together as "related" under U.S.S.G. § 4A1.1(f). This contention lacks merit because the offenses underlying the sentences were separated by intervening arrests. See United States v. Gallegos-Gonzalez, 3 F.3d 325, 327 (9th Cir.1993); U.S.S.G. § 4A1.2, comment. (n.3).
 
 
 9
 Peoples also raises two challenges to the PSR which were not raised below: that one point was erroneously added to his criminal history score for both (1) an offense resulting in a term of probation; and (2) an offense which he claims resulted in no charges filed. Both contentions lack merit.
 
 
 10
 Where factual findings in a PSR are not challenged at sentencing, we review the findings only for plain error. See United States v. Scrivner, 114 F.3d 964, 966 (9th Cir.1997). Here, the PSR indicated that Peoples was sentenced to term of probation for the offense which he claims resulted in no charges being filed. Furthermore, a term of probation is properly treated as a "sentence" in calculating a defendant's Criminal History score under section 4A1.1(c). See U.S.S.G. § 4A1.2 n. 2. Accordingly, the PSR's calculation of one Criminal History point for each offense was proper. See Scrivner, 114 F.3d at 966.
 
 IV. Factual Basis for Plea
 
 11
 Peoples finally contends that the district court failed to inquire into the factual basis for his plea to armed bank robbery as required by Fed.R.Crim.P. 11(f). This contention is factually incorrect. The record reveals that the district court did inquire into the factual basis for the plea before accepting it.
 
 
 12
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Peoples also contends that the district court erred by adopting the PSR's factual findings on this issue. As discussed above, this contention lacks merit. See Rosales, 917 F.2d at 1222