131 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles TAYLOR, aka Charlie C, Defendant-Appellant.
 No. 96-50581.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 19, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CR-95-01130-TJH-8; Terry J. Hatter, Jr., District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles Lee Taylor appeals his 150-month sentence imposed following his guilty plea to three counts of aiding and abetting an armed bank robbery, in violation of 18 U.S.C. §§ 2(a), 2113(a) & (d) (counts 4, 5, and 6), and one count of aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2(a), 2113(a) (count 7). Taylor contends the district court clearly erred by finding that he could reasonably foresee that his co-defendants would possess a dangerous weapon or firearm in the commission of the robberies. We have jurisdiction pursuant to 18 U.S.C. § 3742(a). We review for clear error the district court's factual findings in the sentencing phase. See United States v. Lipsey, 62 F.3d 1134, 1135-36 (9th Cir.1995). We affirm.
 
 
 3
 Taylor pled guilty to count four of the indictment which charged him with aiding and abetting an armed bank robbery on October 27, 1995. His cohort told FBI agents that Taylor organized and planned this type of robbery and offered to procure a gun for the robbery. However, when on the day of the robbery Taylor did not bring the gun, the robbers sent another cohort to purchase a BB gun, which was used in the commission of the offense. Given these facts, the district court's finding that Taylor could reasonably foresee the use of a dangerous weapon in the commission of the October 27, 1995, robbery, was not clearly erroneous. See U.S.S.G. § 1B1.3(a)(1)(B) (relevant conduct includes all reasonably foreseeable acts taken in furtherance of the conspiracy); Lipsey, 62 F.3d at 1137 (use of gun reasonably foreseeable where defendant pled guilty to armed robbery and saw one cohort hand another a pistol before the robbery). The fact that the cohort testified to the grand jury that Taylor was not involved in this offense does not render the district court's finding clearly erroneous in light of other co-defendant's statements that Taylor was indeed intricately involved in planning this robbery.
 
 
 4
 Likewise, the district court did not clearly err in finding that Taylor could have reasonably foreseen that his co-defendants would use a gun or BB gun in the three subsequent bank robberies occurring shortly after on November 2, 3, and 9. See United States v. Luna, 21 F.3d 874, 884 (9th Cir.1994) (bodily injury to victims foreseeable where defendant had recently participated in another robbery where victims were injured). Taylor's co-defendants stated that he planned and organized the robberies. In addition, Taylor's guilty plea to armed robbery, counts 4, 5, and 6, constitutes an admission of an essential element of the offense: use of a dangerous weapon or device. See Lipsey, 62 F.3d at 1137. Accordingly, the district court's finding was not clearly erroneous. See id. at 1135-36.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3