**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILBUR E. KIRKHART II,

Defendant-Appellant.

No. 96-3259
(D.C. No. 95-10105-02)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO**, and **MURPHY**, Circuit Judges.

The parties having agreed oral argument is not necessary, this case is submitted on the briefs. Fed. R. App. P. 34(f).

Wilbur E. Kirkhart II pled guilty to one count of armed bank robbery. 18 U.S.C. § 2113(a)(d). The evidence set forth in the presentence report indicated Mr. Kirkhart's codefendant entered the bank and brandished a long barrel shoulder weapon and took $10,245 of the bank's funds. Apprehended later, Mr. Kirkhart admitted he aided the codefendant in his ultimate escape, but it was not until after the crime was committed,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

when he saw the codefendant's weapon for the first time, that he became aware a firearm was to be used in the offense. He therefore contends he was not subject to a sentence enhancement under U.S.S.G. § 2B3.1(b)(2)(c) because he neither knew nor had reason to foresee a firearm would be used during the robbery.

It is agreed by the government there is no evidence to contradict Mr. Kirkhart's statement; therefore, the issue before us is whether there is a factual basis that would sustain the enhancement employed by the sentencing court. We believe there is.

We begin with the provisions of § 1B1.3(a)(1)(B) which states, in a "jointly undertaken criminal activity" all "reasonably foreseeable acts . . . of others in furtherance of the jointly undertaken criminal activity" shall be taken into account in determining the specific offense characteristics. Here, the district court employed guideline § 2B3.1(b)(2)(C), brandishing a firearm, as a specific offense characteristic to be applied to the sentence. Taking into conduct the brandishing by the codefendant, the court applied a five-level enhancement.

Defendant claims there is simply no evidence the use of a firearm by his codefendant was reasonably foreseeable. He admits the firearm was brandished, but contends the lack of any evidence of his prior knowledge of that fact removes him from the reach of the enhancement.

We believe this argument overlooks the nature of the plea in this case. Mr. Kirkhart's plea to armed bank robbery was an admission of "both the acts described in the

indictment and the legal consequences of those acts." ***United States v. Allen***, 24 F.3d 1180, 1183 (10th Cir. 1994) (citing ***United States v. Broce***, 488 U.S. 563, 569-70 (1989)). *Also see **United States v. Wilks***, 58 F.3d 1518, 1523 (10th Cir 1995). As a consequence of his guilty plea, Mr. Kirkhart necessarily <u>admitted</u> the robbery was committed with a firearm. That admission subsumes his knowledge or his reason to know a weapon was to be used. He therefore also <u>admitted</u> to a factual basis for the district court's finding of relevant conduct. Having done so, he cannot avoid the legal consequence of those admissions which, in this instance, is the five-level enhancement. *See **United States v. Lipsey***, 62 F.3d 1134, 1136 (9th Cir. 1995).

**AFFIRMED**.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge