*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0399p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

No. 05-6422

*v.*

JOSEPH STORY,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.
No. 02-00022—Robert Leon Jordan, District Judge.

Argued: June 5, 2007

Decided and Filed: October 1, 2007

Before: MARTIN and BATCHELDER, Circuit Judges; O'MEARA, District Judge.[*]

---

## COUNSEL

**ARGUED:** Jacob H. Huebert, PORTER, WRIGHT, MORRIS & ARTHUR, Columbus, Ohio, for Appellant. Caryn L. Hebets, ASSISTANT UNITED STATES ATTORNEY, Johnson City, Tennessee, for Appellee. **ON BRIEF:** Jacob H. Huebert, James B. Hadden, PORTER, WRIGHT, MORRIS & ARTHUR, Columbus, Ohio, for Appellant. Guy W. Blackwell, ASSISTANT UNITED STATES ATTORNEY, Greeneville, Tennessee, for Appellee.

---

## OPINION

---

BOYCE F. MARTIN, JR., Circuit Judge. This case is on appeal from the district court's resentencing of Joseph Story in light of *United States v. Booker*, 543 U.S. 220 (2005).

On September 22, 2003, Story was sentenced to 360 months' imprisonment after a jury found him guilty of a drug trafficking conspiracy and of crack cocaine possession. On direct appeal to a different panel of this court, his conviction was upheld but his sentence was vacated and remanded for resentencing in light of *Booker*. *See United States v. Story*, 125 F. App'x 646 (6th Cir. 2005) (unpublished). Upon resentencing, the district court correctly calculated an offense level of 36 and a criminal history category of VI. This equates to a sentencing range under the now advisory

---

[*] The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

Sentencing Guidelines of *324* to 405 months, yet the district court mistakenly stated the sentencing range as *346* to 405 months.  Joint App'x at 158.  The district court then sentenced Story to 300 months' imprisonment—a sentence below the low end of either the correct or the incorrect range—based on a variety of factors.  Story did not object to the misstated guidelines range.  Thus the question before us is whether the district court's mistake constituted plain error, entitling Story to be resentenced yet again, this time taking into account the correct range.[1]

"A 'plain error' is an error that is clear or obvious, and if it affects substantial rights, it may be noticed by an appellate court." *United States v. McIntosh*, 484 F.3d 832, 836 (6th Cir. 2007). "We generally correct a plain forfeited error that affects substantial rights only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).  In the instant case, the government concedes, as it must, that the district court's misstatement of the sentencing range was an "obvious" error.  The primary dispute, therefore, centers on whether the error affected Story's "substantial rights."  The Supreme Court has interpreted this phrase to mean "prejudicial," in the sense that the asserted error "must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734 (1993).

With this standard in mind, a full recitation of the district court's analysis, which is contained in the transcript of the August 4, 2005 sentencing hearing, is in order:

> For the record, the defendant Joseph Story is before the court for re-sentencing.  He was originally sentenced by Judge Hull to 360 months in prison based upon the guideline range of 360 months to life.  For the following reasons based upon the factors set out in 18 U.S.C. Section 3553(a) I am going to reduce the defendant's sentence to 300 months.
> First, considering the nature and circumstances of this case the court notes that Judge Hull found that the defendant possessed a firearm in connection with Count 7.  However, since I did not try this case, I have no way of determining the credibility of Michelle Tolley who testified at trial that the defendant had a firearm when she purchased crack cocaine from him.  Therefore, I am going to give the defendant the benefit of the doubt and I will not count the firearm.
> Further, I'm going to hold the defendant liable only for the drug amounts that he admitted in his statements to officers after his arrest and the amount related to Count 7.  The defendant admitted to the FBI agent that from April or May 2001 to November 2001 he purchased 2 to 6 ounces of crack per week from his supplier, Henson.  He also admitted purchasing 3 ounces from Isaac Cousin.  Counting only these amounts plus 0.6 grams related to Count 7, I have recalculated the drug amount and I find that the defendant should be held accountable for 1.45 kilograms of crack cocaine.  This lesser amount is still a significant amount of crack cocaine and must result in a substantial sentence.  The new guideline level is therefore 36.  His criminal history category remains 6, ***resulting in a sentencing range of 346 to 405 months under the Sentencing Guidelines.***
> Secondly, I note the extraordinary rehabilitative efforts the defendant has made in prison.  He has completed several classes and is to be commended for his efforts.  I decline however to reduce the defendant's sentence because of his family

---

[1] Story also claims that his sentence was improperly enhanced based on the district judge's finding of a larger crack cocaine amount (500 grams or more) than the jury had found (50 grams or more).  This claim is without merit. Story concedes that the district court made this finding by a preponderance of the evidence, which the court is entitled to do so long as such finding does not increase his sentence beyond the statutory maximum for the crime the jury actually convicted him of.  In Story's case, even using the lower 50-gram amount, the statutory maximum is life imprisonment, well above his actual sentence.  *See* 21 U.S.C. § 841(b)(1)(A)(iii).

responsibilities. I am well aware of the fact of the impact that a parent's incarceration may have on children. But perhaps Mr. Story's children can learn from this experience that there are sometimes very serious consequences for their actions. The defendant has a serious criminal history. He must be held responsible not only for his actions in this case but also for his prior convictions.

Finally, I believe that a slightly lower sentence will[be more in line with the defendant's co-conspirators' sentences and will avoid unwarranted sentencing disparities. For the record, the court has considered the nature and circumstances of the offense, the history and the characteristics of the defendant and the advisory guideline range as well as the other factors listed in 18 U.S.C. Section 3553(a) . . . . It is felt that the sentence [of 300 months] will afford adequate deterrence and provide just punishment.

Joint App'x at 157-59 (emphasis added).

The government maintains that the above recitation "demonstrates that defendant's sentence was not affected one iota by this mistake by the district court." Gov't Br. at 16. It notes that the district court was explicit in its consideration of the 3553(a) factors, and that these factors, and not the misstated guidelines range, led to the court's calculation of 300 months. As the government states: "Defendant's argument simply ignores the context of the district court's sentencing decision, erroneously tying the 300-month sentence directly to the advisory Guideline range." *Id.* at 18. The problem with the government's argument is that we have little way of knowing how much or how little of a factor the guidelines range played in this case. To be sure, the district court did an admirable job of considering the 3553(a) factors, as it must after *Booker*. But these factors necessarily include consideration of the guidelines range. As we held in *United States v. Davis*, "[w]e read *Booker* to require that when district courts consult the Guidelines, they are to continue to consider the sentence, *sentencing range*, and pertinent policy statements contained in those Guidelines, as required by § 3553(a)(4) and (5)." 397 F.3d 340, 346 (6th Cir. 2005) (emphasis added).

In keeping with this mandate, the district court here stated unequivocally that "[f]or the record, the court has considered the nature and circumstances of the offense, the history and the characteristics of the defendant *and the advisory guideline range* as well as the other factors listed in 18 U.S.C. Section 3553(a)." Joint App'x at 158-59 (emphasis added). The district court's articulation of the 3553(a) factors serves to highlight a simple point: that the guidelines range, while clearly only advisory in the post-*Booker* regime, is nevertheless a logical starting point from which a district court crafts a sentence. *See, e.g., Rita v. United States*, — U.S. —, 127 S.Ct. 2456, 2465 (2007) ("The sentencing judge, as a matter of process, will normally begin by considering the presentence report and its interpretation of the Guidelines."); *United States v. Jimenez-Beltre*, 440 F.3d 514, 525 (1st Cir. 2006) (Lipez, J., dissenting) ("The guidelines are the only sentencing factor that yield a measure of time. That fact alone establishes their continuing importance."); *United States v. Kandirakis*, 441 F. Supp. 2d 282, 294 (D. Mass. 2006) ("[T]he Guidelines cannot be called just another factor in the statutory list, 18 U.S.C. 3553(a) (2000), because they are the only integration of the multiple factors. The fact that the Guidelines are promulgated by an expert agency and that they were important to promoting remedial *Booker*'s uniformity and fairness concerns counseled in favor of their continued central role.").

To the extent that this starting point was incorrect (a lower-end sentence of 346 months as opposed to 324 months), it is certainly possible that the overall sentence was incorrect as well. The government reads the district court's words, "resulting in a sentencing range of 346 to 405 months," Joint App'x at 158, to have been a mere slip of the tongue and to have had no effect whatsoever on the 300-month sentence ultimately imposed. An equally plausible reading, however, is that the district court started at 346 months and departed downward to 300 months based on Story's

"extraordinary rehabilitative efforts" while in prison as well as a desire to keep his sentence "more in line with" his co-conspirators.[2]  Had the district court started instead at 324 months, it obviously might have arrived at a sentence *less than* 300 months.  The difference between a starting point of 346 months and 324 months is 22 months, or almost two years.  We cannot agree with the government's suggestion that a potential difference of almost two years in prison does not affect a defendant's "substantial rights."

The government also suggests that the district court's starting point for imposing Story's new sentence was his pre-*Booker* sentence of 360 months.  Gov't Br. at 17 ("The district court thus told defendant that his sentence was going to be reduced by five years to 300 months based on the district court's exercise of its discretion under *Booker*.").  But Story's old sentence was vacated in its entirety by this court, and thus could not properly serve as a benchmark for the district court when it conducted resentencing.  The proper benchmarks, instead, are the section 3553(a) factors, which, as discussed above, include consideration of the sentencing range.  The district court in this case obviously *considered* Story's sentencing range.  The only question is whether the misstated low-end of the range was critical to this consideration.  We think it is more respectful both to Story's "substantial rights" as well as to the "integrity . . . of judicial proceedings," *McIntosh*, 484 U.S. at 836, if we assume that it was.

The government's final plea is to judicial efficiency:  "No doubt the district court would be surprised to see defendant returned for resentencing after the district court made it clear that the sentence it deems appropriate in this case is 300 months."  Gov't Br. at 19.  The government's tone intimates that the district court's "surprise" will only take one form — namely, to be surprised that we have wasted its time when it committed such an obviously ministerial error.  If this is the case, then the district court can correct the error just as efficiently and just as ministerially.  Little time need be wasted to reimpose the 300 months sentence.  However, the district court may also be "surprised" to see that it made a guidelines range miscalculation in the first place, and may decide that using the proper lower-end range, a sentence of less than 300 months is merited.  While it may be a close call, we think the district court's plain error counsels in favor of a remand.  *See, e.g., United States v. Duckro*, 466 F.3d 438, 446 (6th Cir. 2006) ("[W]here a district court makes a mistake in calculating a guidelines range for purposes of determining a sentence under section 3553(a), we are required to remand for resentencing unless we are certain that any such error was harmless—i.e. any such error did not affect the district court's selection of the sentence imposed." (internal quotation marks omitted)); *United States v. Buchanan*, 449 F.3d 731, 738-39 (6th Cir. 2006) (holding that one of the "procedural requirements of a reasonable sentence" is that the judge calculate the guidelines sentencing range correctly); *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005) ("[W]e may conclude that a sentence is unreasonable when the district judge fails to 'consider' the *applicable* Guidelines range . . . ." (emphasis added)); *United States v. Lossia*, 193 F. App'x. 432, 434 (6th Cir. 2006) (unpublished) ("Sentencing with an improperly calculated advisory Guidelines range is unreasonable because the sentencing court lacks a required input into the process.").

Accordingly, we **VACATE** Story's sentence and **REMAND** for resentencing.  The remand is limited to determining if the district court would have issued a sentence different from 300 months had it not misstated the lower end of Story's guidelines range.

---

[2] While the record does not reveal the exact sentences of all of Story's co-conspirators, a review of the trial docket indicates that Story's two co-defendants, Angelo Hinson and Derek Tapp, received sentences of 180 months and 216 months, respectively.  D. Ct. Docket Entries #107, 138 (Tapp); #144 (Hinson).  Both sentences are considerably lower than the 300 months received by Story.