**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 08a0641n.06**
**Filed: October 21, 2008**

**No. 07-5015**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JERRY LEE CONWAY, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

**Before: MARTIN, ROGERS, and SUTTON, Circuit Judges.**

**Rogers, Circuit Judge.** Defendant Jerry Lee Conway appeals the 96-month prison sentence imposed upon him following his guilty plea on the charge of being a felon in possession of a firearm. Conway challenges the district court's application of two enhancements to his Sentencing Guidelines base offense level: a four-level enhancement for use or possession of a firearm in connection with another felony offense — felony evading arrest under Tennessee law — and a two-level enhancement for recklessly creating a substantial risk of death or serious bodily injury in the course of fleeing from a law enforcement officer. Because we conclude that the district court erred in applying the four-level enhancement, we vacate Conway's sentence and remand the case for resentencing.

1

**I.**

On April 7, 2005, Investigator Tim Meggs of the Carroll County (Tennessee) Sheriff's Department received a call from Investigator Jackie Benton with the Madison County (Tennessee) Narcotics Department. Benton told Meggs that three individuals from Carroll County were in Madison County purchasing items necessary to manufacture methamphetamine. After speaking with Benton, Meggs and Sergeant Lee Bates, who also worked for the Carroll County Sheriff's Department, traveled to Madison County to assist with the surveillance of the suspects.

As Investigator Meggs and Sergeant Bates met Investigator Benton near the county line on Highway 70, the three suspects drove past them in the direction of Carroll County. The police officers immediately followed the suspects. Once they crossed into Carroll County, Meggs attempted a traffic stop by activating his emergency lights. The driver refused to stop and a short-lived chase ensued. When the driver turned onto Woodhill Road, Investigator Meggs passed them and blocked the road with his police car. Before the suspects' car came to a complete stop, defendant Jerry Lee Conway jumped out of the passenger's side, rolled for a few feet, got to his feet, and ran toward a wooded area. Sergeant Bates and Investigator Benton gave chase, and as Conway approached the wooded area, Sergeant Bates saw Conway pull a handgun from his waist. Sergeant Bates drew his own gun and pursued Conway into the woods. Shortly after entering the wooded area, Bates cut off Conway's path of flight. When he saw Sergeant Bates, Conway immediately threw his weapon to the ground and complied with Bates's command to surrender. Sergeant Bates then arrested Conway and recovered the weapon. It was determined that Conway's weapon was a

fully loaded .38 caliber revolver.  The officers also arrested the other individuals who had been inside the car with Conway and found that their car contained significant quantities of items that were necessary for the manufacture of methamphetamine.

After his arrest, police discovered that Conway had three previous felony convictions.  As a result, he was indicted in the United States District Court for the Western District of Tennessee on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  Conway pled guilty to this charge on December 20, 2005.

The Presentence Report ("PSR") prepared for Conway's sentencing hearing determined that Conway should be assigned an offense level of 27 under the Sentencing Guidelines.[1]  The PSR calculated a base offense level of 26, enhancements of four levels, and a three-level deduction for acceptance of responsibility.  The district court rejected the PSR's determination that Conway's base offense level should be set at 26.[2]  Instead, the district court set the base offense level at 20,

---

[1]All citations to the Sentencing Guidelines in this opinion refer to the 2005 version.

[2]The PSR set the base offense level according to U.S.S.G. § 2K2.1 (2005), the Guidelines section that applies to offenses under 18 U.S.C. § 922(g).  Specifically, the base offense level was found using a cross reference provision that requires the level to be determined under U.S.S.G. § 2X1.1 in the event that the defendant violated 18 U.S.C. § 922(g) "in connection with another offense." U.S.S.G. § 2K2.1(c)(1)(A).  In this case, the PSR found that the other offense was the unlawful possession of listed chemicals with the intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(1).  Therefore, pursuant to the cross reference provision, the PSR calculated Conway's base offense level to be 26 according to U.S.S.G. § 2D1.11, the Guidelines section pertaining to violations of 21 U.S.C. § 841(c)(1).  The district court concluded that there was not enough evidence to show that Conway had possessed, conspired to possess, or attempted to possess listed chemicals with the intent to manufacture methamphetamine, and therefore rejected the use of the cross reference provision to set the base offense level.

presumably pursuant to U.S.S.G. § 2K2.1(a)(4)(A), which requires a base offense level of 20 when the defendant has previously been convicted of a felony crime of violence, as was true of Conway.

The district court applied two enhancements. First, it applied a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) because the court found that Conway had used or possessed the firearm in connection with another felony offense, namely, felony evading arrest under Tennessee law. Conway's counsel did not object to this enhancement. In fact, she appears to have conceded that the circumstances of this case would make Conway's flight from police a felony under Tennessee law because he had fled in an attempt to avoid arrest on outstanding felony charges. Next, the district court applied a two-level enhancement under U.S.S.G. § 3C1.2 because the court determined that Conway had created a substantial risk of death or serious bodily injury to another person by his "escape and brandishment of the firearm." After applying these enhancements, the district court reduced Conway's offense level by three levels due to his acceptance of responsibility.

The court's calculations produced a final offense level of 23, which, with Conway's criminal history category of V, resulted in a Guidelines sentencing range of 84 to 105 months in prison. The district court addressed the relevant sentencing factors under 18 U.S.C. § 3553(a) and concluded that Conway should serve a term of 96 months in prison, to be followed by three years of supervised release.

**II.**

On appeal, Conway argues that the four-level enhancement under U.S.S.G. § 2K2.1(b)(5) for possessing the firearm in connection with another felony was applied improperly because his flight from the police did not constitute a felony under Tennessee law. He further argues that the two-level enhancement under U.S.S.G. § 3C1.2 was applied improperly because the evidence does not support a finding that he created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer. Finally, he asks this court to order a limited remand to prevent the Government from introducing any additional evidence.

**A.**

The district court erred in applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) because the evidence does not support a finding that Conway possessed the firearm in connection with another felony offense. Although Conway's counsel did not object to this enhancement at the sentencing hearing — and in fact appears to have conceded the propriety of the enhancement — the error can be remedied because it is plain, it affects Conway's substantial rights, and it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Cotton*, 535 U.S. 625, 631 (2002).

First, the application of the enhancement is a plain error because it was based on an "obvious[ly]" erroneous interpretation of the law. *United States v. Story*, 503 F.3d 436, 438 (6th Cir. 2007). The district court applied the enhancement based on the court's misunderstanding that an

attempt to flee on foot from the police is a felony under Tennessee law if the offender is attempting to avoid arrest on outstanding felony charges. This is plainly wrong. Fleeing from police on foot is a misdemeanor under Tennessee law, regardless of the reasons for the flight. *See* Tenn. Code Ann. § 39-16-603(a) (2006). The crime of evading arrest is only considered a felony under Tennessee law when the offender attempts to evade arrest while *operating* a motor vehicle. *See id.* § 39-16-603(b). Conway was clearly not operating the car because he jumped out of the passenger's side of the car while it was still moving.

Moreover, although Tennessee law allows for passengers in a fleeing motor vehicle to be held liable under the theory of accomplice liability, this does not apply to Conway because there is insufficient evidence that he and the driver were in complicity in criminal activity. *See State v. Fowler*, No. 03C01-9709-CC-00391, 1998 WL 205863, at *3 (Tenn. Crim. App. Apr. 29, 1998) (citing *State v. Carson*, 950 S.W.2d 951, 954 (Tenn. 1997)). Accomplice liability for felony evading arrest does not extend to Conway under an argument that he and the other occupants of the car were in complicity in an attempt to manufacture methamphetamine, and that their attempt to flee the police was made in pursuance of their common criminal purpose. This argument is foreclosed by the district court's finding that there was insufficient evidence of Conway's involvement in such a conspiracy. *See supra* note 2. In the absence of any other evidence on which accomplice liability could be predicated, it is clear that the district court erred in finding that Conway possessed a firearm in connection with the offense of felony evading arrest.

In addition to demonstrating that the application of the enhancement is a plain error, Conway has also shown that it affected his substantial rights. Had the district court been aware of the actual definition of felony evading arrest under Tennessee law, the court could not have applied the enhancement. Without the enhancement, Conway's offense level would have been 19 instead of 23, and his corresponding Guidelines sentencing range would have been 57-71 months rather than 84-105 months. Because the district court sentenced Conway according to the erroneously calculated offense level of 23, it is clear that the enhancement affected the outcome of the district court proceedings, which is sufficient to show that the error affected Conway's substantial rights. *See Cotton*, 535 U.S. at 632 (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).

Finally, Conway has demonstrated that the application of the enhancement seriously affects the fairness, integrity, or public reputation of judicial proceedings. In *United States v. Story*, 503 F.3d 436 (6th Cir. 2007), this court stated that a miscalculated guidelines range was a critical part of the final sentencing determination and therefore affected the "integrity ... of judicial proceedings." *Id.* at 440. Indeed, few errors so seriously affect the fairness, integrity, and public reputation of judicial proceedings as imposing upon a defendant a sentence that has been inflated by an obviously erroneous sentencing enhancement. Therefore, the plain error standard is met, and Conway's sentence is vacated.

**B.**

The district court properly applied a two-level enhancement pursuant to U.S.S.G. § 3C1.2 based on the court's finding that Conway had caused reckless endangerment to others by fleeing from police officers with a weapon in his hand. To the extent this is a factual finding, it can only be reversed if it is clearly erroneous, *see United States v. Wright*, 19 F. App'x 230, 233 (6th Cir. 2001) (citing *United States v. Rice*, 184 F.3d 740, 742 (8th Cir. 1999); *United States v. Lipsey*, 62 F.3d 1134, 1135-36 (9th Cir. 1995)), but Conway has failed to make such a showing. To the contrary, the evidence shows that the district court's finding was correct.

An enhancement under U.S.S.G. § 3C1.2 requires the district court to find that the defendant "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." In this case, it is clear that Conway acted recklessly because the risks of fleeing from police while holding a gun in one's hand are manifest, there is no reason to suspect that Conway was unaware of those risks, and Conway's decision to disregard those risks was "a gross deviation from the standard of care that a reasonable person would exercise in such a situation." U.S.S.G. § 2A1.4 cmt. 1, n.1. Equally clear is the fact that Conway's reckless conduct created a substantial risk of death or serious bodily injury to another person. The Fourth Circuit has held that the act of fleeing from police officers with a gun in one's hand creates a substantial risk of injury. *See United States v. Page*, 169 F. App'x 782, 785 (4th Cir. 2006). Because Conway's conduct could have harmed either of the officers or the officers could have

harmed each other during the chase through the woods, the district court properly concluded that Conway recklessly created a substantial risk of death or serious bodily injury to another person.

To the extent that there must also be "a nexus between the offense for which the defendant was convicted and the conduct that involved reckless endangerment during flight," *see United States v. Dial*, 524 F.3d 783, 787 (6th Cir. 2008) (citing *United States v. Southerland*, 405 F.3d 263, 268 (5th Cir. 2005)), *but see id.* at 789 (Siler, J., concurring) (contending nexus requirement is dictum), such a requirement is satisfied in this case because the reckless endangerment "occurred during the commission of the offense of conviction." *Id.* at 787 (citing *Southerland*, 405 F.3d at 268).

## C.

Conway requests that this court order the district court to resentence him based on the present state of the record — i.e., without giving the Government the opportunity to introduce additional evidence to support the application of either the cross reference provision of U.S.S.G. § 2K2.1 or the enhancement under U.S.S.G. § 2K2.1(b)(5). After a remand, a district court generally conducts a resentencing de novo unless the remand order limits the district court's discretion. *See United States v. Sedore*, 512 F.3d 819, 827 (6th Cir. 2008) (quoting *United States v. Saikaly*, 207 F.3d 363, 369 (6th Cir. 2000)). The intent behind the policy of de novo resentencing is "to give the district court discretion in balancing all the competing elements of the sentencing calculus." *Saikaly*, 207 F.3d at 369 (citing *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999)). Because Conway has not provided a compelling reason to disregard this policy, there is no reason to order a limited

remand. Of course, the district court retains discretion to exclude any evidence that it finds, in the interests of justice, should have been introduced at the first sentencing hearing.

### III.

For these reasons, Conway's sentence is VACATED and the case is REMANDED for resentencing.